In the Matter of CAROLYN SILBERMANN, Petitioner, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, Bronx County, April 6, 1948.

*Harold J. Silbermann* and *Joseph J. Einhorn* for petitioner.

*John P. McGrath, Corporation Counsel (Helen R. Cassidy* and *James J. Thornton* of counsel), for respondents.

Levy, J. Petitioner moves to open the decree of June 17, 1947, and add at the foot thereof a specific direction that she receive at least a minimum passing grade on the experience and training portion of her examination and, further, to issue and enter the grade obtained on the oral portion.

The proceeding was instituted when petitioner's application to take the examination for district health officer, Grade 4, was rejected upon a finding that as to experience and training she was not a qualified applicant. She was permitted to take the written examination subject to the disposition of the article 78 proceeding. In that she prevailed and the order of June 17, 1947, provided as follows:

" Ordered, that the respondents be and they hereby are directed to accept the application of the petitioner for the position of District Health Officer Grade 4 as a duly qualified candidate therefor, and it is further

" Ordered, adjudged and decreed that the respondents acted erroneously, arbitrarily, capriciously and unfairly in holding that petitioner lacked the requisite experience for said position of District Health Officer, Grade 4, and it is further

" Ordered, adjudged and decreed that the petitioner has and has duly submitted satisfactory proof of at least the minimum required experience and qualifications for the said position of District Health Officer, Grade 4; and it is further

" Ordered, that the respondents grade and consider the examination of the petitioner as that of a duly qualified candidate for said position of District Health Officer, Grade 4." On appeal the order was unanimously affirmed on January 19, 1948, without opinion (273 App. Div. 805).

Petitioner was notified she passed the written examination but was still considered " not qualified " as to the experience

and training portion of the examination and was not graded upon the oral portion.

In November, 1947, and after receipt of the notification, petitioner moved to punish respondents for contempt. That motion was denied, after the affirmance by the Appellate Division, upon the ground that the decretal paragraphs of the order claimed to be violated were not sufficiently explicit, were findings only and not directive. Therefore, there could be no finding of willful disobedience. It is urged, as a consequence, that while there is no intent or necessity to alter the order and its provisions, further direction is necessary to make its provisions effective. That there is authority for such procedure seems clear (*Cold Spring L. H. & P. Co.* v. *Selleck,* 256 N. Y. 451).

Administrative agencies are created and function to carry out their general purposes within conferred powers. Their determinations are the result of the exercise of discretion in their own judgment and upon reasonable and relevant ground. Due process demands and affords review, and in this instance finds its expression in article 78 of the Civil Practice Act. In this framework the efficiency of administrative processes would be hampered and the independence of the agency destroyed if the judgment of the reviewing tribunal could be substituted for that of the agency merely because a reasonable difference of opinion may exist. The court, on the other hand, may not safely approve merely because the agency has acted within its power, where it is shown to have acted arbitrarily and in the absence of reasonable and relevant ground.

Upon considering the application for examination, the respondents might well have graded petitioner qualified, reserving the right, of course, to examine and investigate anew after the written examination and then to disqualify or to mark at a minimum passing or higher grade. Respondents, however, in their judgment, considered the applicant not qualified and thus tendered issue and invited a review.

In this proceeding the experience and training of the petitioner as claimed by her were fully disclosed and the respondents made clear their position. If anything new was added upon that portion of the examination following the written examination, it has not been made to appear. Indeed, the examination of the material at that time resulted in a determination of two and one-half years' qualifying experience instead of the three years required, whereas about one year less credit was given petitioner when respondents had passed upon the application. In all

events, the issue originally tendered was submitted for review and found in favor of petitioner. There was nothing qualified or conditional about that finding. Not alone the order entered in the proceeding but the counter proposed order, while differing in some respects, also contained a provision to the effect that the petitioner had at least the minimum experience and training requirements for the position.

It is true that the test of a contempt is that the mandate must direct, without ambiguity and in language which may be readily understood by a layman, that the person against whom the remedy is invoked shall at a stated time perform a certain specified act. Respondents, however, are not in this situation precisely to be classified as laymen. They knew the nature of the issue tendered; review and decision were invited; it was tried and found adversely to them. Obviously, and certainly in the absence of anything new, a second review may not be had to determine whether minimum requirements existed. The finding originally made is not alone prima facie. The position of each party was fully exposed. The facts were fully developed. Before the court to be determined was the question whether the petitioner's proof, in the light of its weight, warranted at least a minimum rating in the exercise of discretion. In the absence of convincing proof of petitioner's position and of arbitrary action, an intermediate order could follow to resolve by trial a conflict of issue. No such issue was raised and the court found upon the submission that petitioner had at least minimum qualification for the position.

That finding was affirmed. It indicated in language sufficiently explicit that respondents upon such record should accord to petitioner a rating of at least minimum requirement and grade, and to fail to do so is arbitrary. That finding did not preclude a further examination and investigation to determine to what extent, if any, the grade finally awarded should exceed the minimum required to pass the experience and training portion.

The suggestion that the function of the commission is thus usurped is spurious. It is true that a candidate may be disqualified who upon the application had already been marked qualified. The commission thus retains, rightly, full freedom of action upon the final investigation.

It does not follow such freedom of action must be retained when the succession of events follows the pattern here. It is altogether appropriate that the commission guard jealously the power of action granted it, but it must accord equal respect

to the action of the reviewing tribunal. To suggest, therefore, that loss of some of its freedom of action following a review resulting adversely to it is a usurpation of its power is, in the final analysis, refusal to respect the order that withdrew the power in the particular case.

In short, this court was asked whether the petitioner had minimum experience and training qualification to such extent that to answer in the negative would amount to an abuse of discretion. It was found respondents acted erroneously, arbitrarily, capriciously and unfairly. What was true then remains true. It would, indeed, be anomalous were this court, in these circumstances, incapable of demonstrating its inherent power to make effectual its decree. If, indeed, any doubt concerning the decree ever existed, it is now resolved.

The motion is granted. Settle order.