In the Matter of CAROLYN SILBERMANN, Respondent, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, November 1, 1948.

James J. Thornton of counsel (Seymour B. Quel with him on the brief; John P. McGrath, Corporation Counsel, attorney), for appellants.

Joseph J. Einhorn of counsel (Harold J. Silbermann with him on the brief; Harold J. Silbermann, attorney), for respondent.

Per Curiam. The sole issue presented by the first appeal is the propriety of adding to the order of June 17, 1947, the additional decretals in question after this court had affirmed that order. No review under article 78 of the Civil Practice Act of the action of the examiners on the examination had for training and experience is presented by this appeal.

Petitioner, in her application for the prior order of June 17, 1947, asked that the commission be directed " to permit me to take said examination on the same basis as the other qualified applicants." The examination has three parts: (1) written; (2) oral and (3) training and experience. All applicants permitted to take the written examination were required to take an examination on the training and experience which in their applications they represented they possessed. All were subject to disqualification if such investigation disclosed that the applicant did not in fact possess the experience claimed. A number of applicants were so disqualified.

The prior order of June 17, 1947, and the order of this court affirming it, determined only that petitioner's application papers indicated prima facie that she possessed the requisite three years of training and experience. In its brief before this court on the appeal from the order of June 17, 1947, the commission stated that when an application to take the examination is accepted no investigation is made as to the authenticity of the experience claimed but the candidate remains subject to investigation of his claimed experience and may be disqualified after

such investigation. On the papers properly considered in the prior appeal, our affirmance was not intended to be, and could not be, conclusive upon the board of independent examining physicians who would subsequently examine the petitioner, as they examined all other applicants, to determine if in fact the applicants possessed the training and experience which they claimed in their application papers (see *Matter of Kanen* v. *Kern,* 260 App. Div. 500).

The decretal paragraphs added by Special Term when it " opened " the order directed that the commission give petitioner a passing grade in the training and experience part of the examination and publish the result of her oral examination. In the papers on the prior appeal such examinations had not been held. The amendments made, accordingly, were not of a merely clerical nature but of substance. After appeal and affirmance by this court (273 App. Div. 805) Special Term had no power to make amendments and add decretals substantially changing the order (*Meldon* v. *Devlin,* 39 App. Div. 581; see, also, *Herpe* v. *Herpe,* 225 N. Y. 323; *Miltenberg* v. *Falkingham,* 273 App. Div. 631; *Hansen* v. *City of New York,* 274 App. Div. 196).

In the second order appealed from, dated June 21, 1948, Special Term purported to hold the commission in contempt of court for alleged willful disobedience of the order of June 17, 1947, and imposed a fine of $50 a day for failure to publish the grade obtained by petitioner on the oral portion of the examination. No such directive was contained in the order as originally signed and affirmed, but, as indicated above, it was improperly added after affirmance. There is no basis for holding respondents in contempt.

Both orders appealed from should be reversed and the motions denied, without costs and disbursements to appellants.

DORE, J. P., COHN and CALLAHAN, JJ., concur; VAN VOORHIS and SHIENTAG, JJ., dissent and vote to affirm.

Orders reversed and the motions denied, without costs.