In the Matter of CAROLYN SILBERMANN, Petitioner, against JOSEPH A. McNAMARA et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, Bronx County, May 27, 1949.

*Harold J. Silbermann* and *Joseph J. Einhorn* for petitioner.

*John P. McGrath, Corporation Counsel (Robert E. Hugh* of counsel), for respondents.

EDER, J. Proceeding under article 78 of the Civil Practice Act, instituted against the respondents, constituting the municipal civil service commission of the city of New York.

The petitioner seeks an order that (1) respondents finally credit her with at least the minimum passing grade in training and experience for the position of district health officer, Grade 4, for which she took the written examination on May 7, 1947, and the oral examination on September 12, 1947, and (2) for an order directing that respondents enter in their records, make public and issue to petitioner the oral grade received by her on the oral examination which she took on September 12, 1947, for said position and grade.

Prior to her taking any part of the examination the petitioner's application to take the examination had been rejected by the respondents, upon the face thereof, as not meeting the published experience requirements and on May 6, 1947, she instituted a proceeding under article 78 to review this rejection and this proceeding terminated in her favor, and respondents were directed to accept her application to take the examination and she and nine other candidates competed in the written examination which was held on May 7, 1947; she and six others passed this part of the examination.

On September 12, 1947, petitioner was summoned for the training and experience and oral parts of the examination, and petitioner was examined, as were the six other candidates, on her training and experience. The petitioner and two other candidates failed this part of the examination.

On November 21, 1947, petitioner was notified of that determination; she so alleges, and further states that no mark was issued to her on her oral examination. There appears to be no dispute

as to this for respondents in their answer state that as petitioner did not pass the training and experience part of the examination, the examining board did not grade her on the oral part of such examination, and in the affidavit of the president of the commission he states that "This was in accord with the usual practice of the Commission, i.e., where a candidate has failed to pass one part of an examination he is not graded upon any subsequent part."

The respondents plead as a separate and complete defense that this proceeding is barred by the four months' Statute of Limitations, section 1286 of the Civil Practice Act, which provides that a proceeding under article 78 to review a determination must be instituted within four months after the determination to be reviewed becomes final and binding upon the petitioner.

If this defense is validly asserted, it ends this proceeding. Therefore, I shall take it up immediately for discussion.

On November 21, 1947, the petitioner was notified of the determination of the commission to the effect that she failed and was marked not qualified with respect to the training and experience part of said examination. This proceeding was commenced on March 4, 1949, obviously more than four months after the petitioner received notice of the aforesaid determination.

The order which was made on petitioner's application of May 6, 1947, to compel respondents to accept her application to take the examination, was made on June 17, 1947. By order to show cause dated February 18, 1948, petitioner moved to *amend* this order of June 17, 1947, so as to add a directive requiring the issuance to her of at least the minimum passing grade of experience and training for the position in question and a further directive to issue to her her oral mark. By an order dated May 4, 1948, the original order of June 17, 1947, was amended as requested. This order was reversed and the motion denied (*Matter of Silbermann* v. *Morton,* 191 Misc. 774, revd. 274 App. Div. 335, affd. 298 N. Y. 893).

The petitioner contends that section 1286 of the Civil Practice Act does not bar the proceeding; that the motion initiated by the order to show cause dated February 18, 1948, to amend the order of June 17, 1947, by adding the two directives mentioned was a proceeding well within the four months from November 21, 1947, the date of respondents' determination, and hence the defense of the bar of the four months' Statute of Limitations is untenable.

There is no merit to this claim. The motion initiated by the order to show cause dated February 18, 1948, was not a "pro-

ceeding '' of any sort, and was certainly not an '' original proceeding ''; it was not instituted by petition; it was an ordinary motion in the '' original proceeding '' which was instituted by petitioner by the order to show cause dated May 5, 1947, and her petition of said date which accompanied it and sought an *amendment* of the *original* order made in that proceeding by *adding* decretals thereto.

By no reasonable construction can this motion of February 18, 1948, be construed as an original proceeding to review the determination of the respondents made on November 21, 1947, and the contention, contra, is regarded as utterly devoid of substance.

Petitioner argues, finally, that the proceeding is maintainable by virtue of the provisions of section 23 of the Civil Practice Act.

The purpose of this section is to permit a party who has *commenced* an action or proceeding *within the time* limited therefor to obtain a judgment on the merits, so that, if his cause is dismissed for error of law, or failure to pursue the appropriate remedy, but not on the merits, he may commence a new action for the '' *same cause* '', after the expiration of the time so limited and within one year after such termination.

I fail to see its application here. The original proceeding instituted by petitioner on May 6, 1947, and the present proceeding instituted on March 4, 1949, are not for the '' same cause ''. The first proceeding which the petitioner commenced was to compel the commission to permit her *to take* the examination, while the instant proceeding seeks a *review* of the respondents' determination *to the effect* that she failed and was not marked qualified on the training and experience part of the examination for the position, which was held on September 12, 1947.

It follows, therefore, that as to the first branch of the application, which seeks an order directing that respondents finally credit petitioner with at least the minimum passing grade in training and experience for the position of district health officer, Grade 4, for which she took the written examination on May 7, 1947, and the oral examination on September 12, 1947, must be denied, and the petition dismissed, upon the ground that it is barred by the four months' Statute of Limitations afore-mentioned.

As to the second branch of the application, which is for an order directing that respondents enter into their records, make public and issue to petitioner the oral grade received by her on the oral examination which she took on September 12, 1947, for said position and grade, it is premature at this time.

Petitioner does not allege that she made a demand on respondents that they take such action. She alleges, merely, that on November 21, 1947, she was advised that she was marked not qualified as to her experience and training and that no mark was issued to her on her oral examination.

When and if she makes such a demand, and there is a refusal by respondents to comply therewith, petitioner will be in a position to apply to the court for such relief and it will then be in a position to determine whether the usual practice of the commission is legal, viz., not to grade a candidate where the candidate has failed to pass one part of an examination, and whether she is entitled to the other relief sought as to this second branch of the application.

The following disposition is made: As to the first branch of the application; it is denied, and the petition is dismissed, upon the ground that it is barred by the four months' Statute of Limitations. As to the second branch of the application, it is denied, and the petition is dismissed, upon the ground that it is prematurely brought.

Settle order.