■ In the Matter of JOHN M. GERITY, Appellant-Respondent, v HARRY I. BRONSTEIN et al., Constituting the City Civil Service Commission of the City of New York, Respondents-Appellants.—Judgment, Supreme Court, New York County, entered October 2, 1974, unanimously modified, on the law to direct respondent-respondent-appellant City Civil Service Commission to place petitioner-appellant-respondent's name on the lists of persons who have passed the written portion of each of four examinations taken by him on February 2, 1971, and to provide that eligibility of petitioner-appellant-respondent in respect of those examinations will be determined subsequent to investigation of experience requirements by the Civil Service Commission, and otherwise affirmed, without costs and without disbursements. In this article 78 proceeding, respondent commission has conceded that petitioner has passed the four written examinations to which he was admitted. Petitioner, a senior attorney by title, was admitted to two sets of examinations, one promotional and one open competitive, for each of two titles, four examinations in all: supervising attorney and administrative attorney. To a great extent, the questions in all four examinations were identical. The fact of admission to the examinations has no bearing whatever on eligibility therefor. *(Matter of Silbermann v Morton,* 274 App Div 335, affd 298 NY 893.) The device of apparently putting the cart before the horse is no more than an expedient to promote efficient processing of applications. Nor does "direct line of promotion," the description of eligibles used in the announcement of the examination, mean, as petitioner claims, that an applicant anywhere in that line is *ipso facto* eligible. The commission had the right to confine eligibility to those on the rung of the promotion ladder immediately below that for which the examination was given. And the commission has broad discretion in prescribing all these requirements, inclusive of experience. (Civil Service Law, §§ 50, 51, 52; *Matter of Wirzberger v Watson,* 305 NY 507; *Matter of Chapin v Schechter,* 23 Misc 2d 190, affd 13 AD2d 473.) Special Term declared petitioner eligible for three of the four examinations. He was not, not having established requisite experience, which is to be later evaluated by respondent commission. Thus, the declaration of ineligibility contained in the last decretal paragraph of the judgment as to one examination should have covered all four examinations. Concur—Stevens, P. J., Markewich, Murphy, Silverman and Yesawich, JJ.