In the Matter of HOWARD STANTON, Petitioner, against MUNICIPAL
   CIVIL SERVICE COMMISSION OF THE CITY OF NEWBURGH,
   Respondent.

Supreme Court, Special Term, Orange County, May 16, 1947.

*William Stanton* for petitioner.

*Daniel Becker, Corporation Counsel,* for respondent.

COYNE, J.  This is a proceeding under article 78 of the Civil
Practice Act, in the nature of mandamus, for an order directing
the Municipal Civil Service Commission of the City of Newburgh
to accept, approve and file petitioner's application for the posi-

tion of police lieutenant of the said city, and to have his papers marked and graded.

In announcing the promotional examination to be held for the position of police lieutenant of the City of Newburgh the Municipal Civil Service Commission set forth certain minimum qualifications. These included a requirement that candidates " * * * must be permanently employed in the City of Newburgh Police Department and must be serving and having served on a permanent basis in the competitive class for at least two years as a Detective Sergeant, and four years as a Patrolman immediately preceding the date of the written examination."

The petitioner has been a member of the Police Department of the City of Newburgh for over sixteen years. After serving as a patrolman for about fourteen and one-half years, he was appointed to the position of detective sergeant on May 15, 1945. The examination in question was held on March 29, 1947. It is undisputed that as of the latter date petitioner's period of service as a detective sergeant lacked about six weeks of the minimum service prescribed by the commission.

Manifestly, the Municipal Civil Service Commission had the power to establish and promulgate rules and regulations governing promotional examinations, and, in conformity with such rules and regulations, to prescribe minimum qualifications for each position. The minimum qualifications prescribed by respondent in the present instance for the position of police lieutenant were by no manner or means arbitrary, unreasonable, capricious or oppressive.

The main contention advanced by petitioner is that the minimum qualifications prescribed were of such a nature as to be susceptible of amendment, waiver or suspension in the discretion of the respondent. It appears that prior to the formal announcement of the examination and the minimum qualifications therefor, petitioner learned of the requirements and approached two members of the Municipal Civil Service Commission to ascertain his eligibility to take the examination. It is alleged in the petition that petitioner was advised by these members of the commission that he had the requisite qualifications, and that petitioner should file an application for the examination. It is further alleged that in pursuance of such informal advice, petitioner did file an application and was later notified by the secretary of the commission that his application had been approved.

Petitioner vigorously urges that the act of the commission in accepting and approving his application, with full knowledge of the facts set forth therein — and particularly that he had not

served the minimum period required as a detective sergeant — constituted a waiver and suspension of the minimum qualifications previously fixed; and that any subsequent determination of the respondent in withdrawing permission to take the examination was arbitrary and unreasonable.

The contention of the petitioner is untenable. The principle enunciated in *Matter of O'Brien* v. *Delaney* (255 App. Div. 385, affd. 280 N. Y. 697) is applicable in the present instance. The court there stated (p. 387): " It is manifest that he [the petitioner] could not benefit by passing an examination for which he was not eligible. True it is that the commission for a brief period assumed to recognize his eligibility for promotion as a result of the examination. But on further consideration it corrected the error and declared the petitioner not to be eligible. This was in exact accord with its own rules which bind the commission as they do others. *(People ex rel. Jordan* v. *Martin,* 152 N. Y. 311.) The commission could not suspend the operation of a general rule in favor of the petitioner. Since the final action taken was proper and within the power of the commission *(People ex rel. Finnegan* v. *McBride,* 226 N. Y. 252), it should not be disturbed by the court." The fact that the minimum qualifications are not expressly and specifically set forth in the rules is of no moment. Rule XIV of the Newburgh Civil Service Rules is the source of the respondent's power to prescribe the minimum qualifications, and these requirements can no more be waived or suspended, under the facts here existing, than could the rules and regulations themselves.

Petitioner has not established a clear legal right to the relief prayed for in the petition. The proceeding is dismissed, without costs. Submit order on notice.