■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., PROBATION OFFICERS UNIT, Respondent, v JOHN V. N. KLEIN, as County Executive of the County of Suffolk, et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel appellants to permit employees of the Suffolk County Probation Department with two years of current permanent competitive class service to take a certain promotion examination, in which appellants cross-moved to dismiss the petition, the appeal is from a judgment of the Supreme Court, Suffolk County, entered February 19, 1975, which, *inter alia,* (1) granted the petition and (2) adjudged that it was "discriminatory and prejudicial" to change the requirement for taking the subject examination from two years' employment prior to the date of the examination to

three years' employment prior to the date of the examination. Proceeding remitted to Special Term to hear and report on the reason for the change effected by the personnel officer. Special Term is to file its report with this court with all convenient speed. Appeal held in abeyance in the interim. The individual probation officers affected entered the service of the Suffolk County Probation Department while it was under the supervision of the Judicial Conference; the period of service required for the subject promotion examination was then two years. When the officers came under the jurisdiction of the personnel officer, the change to three years was effected. Nowhere in the pleadings, or elsewhere in the record on this appeal, is any reason vouchsafed for the change. In *Matter of Wirzberger v Watson* (305 NY 507, 513), the court observed: "The decisional law on the problem is that the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts *if any fair argument can be made to sustain its action,* '* * *' even though they may differ from the commission as to its advisability.'" (Emphasis supplied.) Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.