■ In the Matter of ARTHUR A. GROSSMAN, Individually, and on Behalf of Others, Appellant-Respondent, and JOHN M. GERITY, Intervenor-Respondent-Appellant, v J. LEE RANKIN, as Corporation Counsel of the City of New York, et al., Respondents-Appellants.—Judgment, Supreme Court, New York County, entered on March 20, 1975, after a nonjury trial, unanimously modified, on the law, to the extent of reversing so much thereof as remitted the matter to the Civil Service Commission for classification consistent with the opinion of the trial court finding that three positions had been improperly continued in the exempt class and otherwise affirmed, without costs and without disbursements. The trial court correctly observed that "[o]nce the appropriate commission acts in carrying out its function with respect to classifying of positions its determinations are presumed to be reasonable and cannot be disturbed unless shown to be arbitrary or unreasonable.

Judicial intervention in such cases is of limited scope and the administrative determination may be overcome only if is demonstrated that the action of the ommission *[sic]* is palpably illegal or without rational basis [citing cases]." We are convinced, on the basis of the exhaustive record compiled at the administrative level, as supplemented by the proceedings at Special and Trial Terms, that there is a rational basis for the determination of the Civil Service Commission finding that all subject exempt class positions of Assistant Corporation Counsel were proper and necessary for the effective administration of New York City's legal affairs and that such determination was improperly modified by Trial Term. The burden was on petitioners to establish that respondents acted arbitrarily or without a rational basis in continuing the subject exempt positions and this they failed to do. Section 6 of article V of the New York State Constitution declares that appointments and promotions shall be made according to merit and fitness and are to be ascertained by examination "as far as practicable". The language of section 6 of article V "clearly implies that it is not entirely practicable to fully determine them [merit and fitness] in that way". *(People ex rel. Sweet v Lyman,* 157 NY 368, 375.) Application of the constitutional principles was left to the Legislature. Accordingly, the Legislature enacted section 41 (subd 1, pars [b], [e]) of the Civil Service Law. "If it should appear that there was a plain violation by the commission of its duty to classify as competitive an office which was clearly and manifestly so, there should be a remedy in the courts. But there is necessarily a large debatable field as to cases within which there will be great differences of opinion, even among the most intelligent and fair-minded men, and as to this field it seems to me that it is not reasonable that the judgment of an appellate court should be substituted for that of the commissioners * * * where the position is one, as to the proper mode of filling which there is fair and reasonable ground for difference of opinion among intelligent and conscientious officials, the action of the commission should stand, even though the courts may differ from the commission as to the wisdom of the classification. The present case is of this character. We ought not to interfere with the determination of the commissioners". *(People ex rel. Schau v McWilliams,* 185 NY 92, 98–99.) The intermediate orders entered on Janaury 6, 1972 and December 29, 1972 have been reviewed on this appeal and are affirmed for the reasons given at Special and Trial Terms. Concur—Markewich, J. P., Lupiano, Capozzoli and Lane, JJ.; Kupferman, J., concurs in the following memorandum: While this matter is not free from doubt, the implication from the determination in *Matter of Paroli v Bolton* (35 NY2d 772) is that the Civil Service Commission has the authority to classify, as the majority of the court here concludes. Troublesome is the fact that among approximately 450 positions in the office of the Corporation Counsel, we find some 100 in an exempt classification, among which are not only some policy-making and legal specialist positions, but many that are no different from those in the competitive class. The rationalization for the distinction eludes me. (Cf. *Elrod v Burns,* 427 US 347.)