■ CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., PROBATION OFFICERS UNIT, Respondent, v JOHN V. N. KLEIN, as County Executive of the County of Suffolk, et al., Appellants.—In a proceeding pursuant to CPLR article 78 inter alia to compel appellants to permit employees of the Suffolk County Probation Department with two years of current permanent competitive class service to take a certain promotion examination, in which appellants cross-moved to dismiss the petition, the appeal is from a judgment of the

Supreme Court, Suffolk County, entered February 19, 1975, which, *inter alia,* (1) granted the petition and (2) adjudged that it was "discriminatory and prejudicial" to change the requirement for taking the subject examination from two years' employment prior to the date of the examination to three years' employment prior to the date of the examination. By order dated February 17, 1976, this court remitted the proceeding to Special Term to hear and report on the reason for the change effected by the personnel officer, to ascertain *"if any fair argument can be made to sustain [his] action",* and, in the interim, the appeal was held in abeyance *(Civil Serv. Employees' Assn., Probation Officers Unit v Klein,* 51 AD2d 759). The hearing has been held and the report has been received. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. The individual probation officers affected entered the service of the Suffolk County Probation Department while it was under the supervision of the Judicial Conference; the period of service required for the subject promotion examination was then two years. When the officers came under the jurisdiction of the personnel officer, the change to three years was effected. In *Matter of Wirzberger v Watson* (305 NY 507, 513), the court observed: "The decisional law on the problem is that the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts *if any fair argument can be made to sustain its action,* '* * * even though they may differ from the commission as to its advisability' " (emphasis supplied). Upon consideration of the entire record, including the report of Special Term, we hold that the action of the personnel officer should be sustained. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.