Bernard F. McCaffrey, J.
In this article 78 proceeding the petitioner seeks a review of a determination of the Nassau County Civil Service Commission, and a judgment to the effect that the petitioner meets the minimum requirements for the competitive civil service title of fire alarm dispatcher.
Petitioner filed an application to take a civil service examination for the competitive position of fire alarm dispatcher. Her application was disapproved by the Nassau County Civil Service Commission on the grounds that the petitioner lacked the minimum qualification of "one-year” experience in the operation of a radio telephone or of a telephone switchboard.
The petitioner avers that for over a period of 2,000 hours, commencing in March, 1974 until January, 1977, she had been engaged as a substitute and/or provisional fire alarm dispatcher for the Levittown Fire Department, having received training and actual employment during this period as a replacement for regular dispatchers during the holiday periods, sick time and vacation time, and when one of the regular dispatchers retired. During this period she states she operated *582 a telephone switchboard, handling incoming emergency calls, business and information calls; and also operated the group alert telephone network, the house alarm system and radio dispatch equipment, using all customary and normal telephone switchboard and radio telephone equipment and procedures, communicating with emergency vehicles. To substantiate her position, the petitioner has submitted photostatic copies of records evidencing payment by the Levittown Fire Department from December, 1975 until January, 1977 to her for work performed.
The respondent denies that the petitioner has the requisite one-year experience on the basis of the failure of the payrolls of the Levittown Fire Department submitted for certification to the Nassau County Civil Service Commission to properly reflect her employment for the period of one year. In addition, the respondent has asserted two affirmative defenses, the substance of which are to the effect that she was never properly certified, thus not legally employed and, therefore, not entitled to credit for the aforesaid employment.
The respondent argues that the petitioner only appeared on the payrolls of the Levittown Fire Department for the payroll period ending March 29, 1976, which employment was in the capacity of "provisional dispatcher”. Respondent further states that the said payroll period was disapproved by the Nassau County Civil Service Commission with a request that an application for her employment for her classification be submitted to the Civil Service Commission; that these forms were never submitted and the petitioner’s employment was, therefore, never approved. Thus, the respondent concludes that any employment of the petitioner by the fire department without her payroll status being certified pursuant to section 100 of the Civil Service Law was illegal and improper, and payment of her salary without certification was unauthorized.
In addition, the respondent asserts, if the petitioner was employed by the fire department for the period ending March 29, 1976, a civil service list was in existence from which list the said fire department was required to fill any vacancy for the position of "fire alarm dispatcher”. This list, established on June 8, 1972, was extended pursuant to section 56 of the Civil Service Law, expired on June 7, 1976.
The respondent, Nassau County Civil Service Commission, cites the case of Matter of Ackerman v Kern (281 NY 87), wherein it is stated (pp 97, 98) the following: "The require *583 ment for competitive examination cannot be evaded by an examination to one who has held a position for years in violation of the law, giving him a rating for experience thus gained over and above one who had taken the competitive examination and should have been appointed in the first place. This is permitting an experience acquired in violation of law to supersede existing competitive lists. We do not mean to say that in the examinations which have been held for all these many persons who have been temporarily appointed under these welfare laws that experience is not to count and be given a proper rating, but what we do say is that such experience cannot work against those who were upon competitive lists and should have been appointed originally. A man entitled under the Civil Service Law to appointment cannot be kept out of it by one who is not entitled to it.”
This holding is clearly applicable when a promotional competitive position is in question, for a prejudicial effect would result if a person illegally in a prior civil service position were permitted to use that unauthorized time over a party who is legally in the position which serves as a prerequisite for promotion. In this respect, the court notes Matter of Ackerman v Kern (supra), which involved a situation where a rating would be credited on the basis of prior experience in arriving at a position on a list where a party is given the opportunity to acquire experience in a particular title under a provisional or temporary appointment, and not off a list over a person on an eligible list. Such an appointment is in direct contravention of the Civil Service Law, and should not work to the advantage of a person initially unqualified as opposed to a person qualified for the position under Civil Service Law.
In the matter before this court, the petitioner is seeking to qualify for an open competitive position. It is true the Civil Service Commission may establish the prerequisite to eligibility to take the exam — "One year prior experience in the operation of a radio telephone or of a telephone switchboard”. In evaluating the prior experience the Civil Service Commission would be remiss in not actually affording a period qualified, i.e., having the one-year experience, whether obtained legally, or, as here, where the Civil Service Commission characterizes the employment as illegal. It may well be that petitioner has occupied the position in violation of the appropriate provisions of the Civil Service Law pertaining to temporary or provisional employment. This conduct is such that is *584 properly subject to policing and action against the employer, and should not serve to prejudice an employee.
The court construes the language of the above-cited case, Matter of Ackerman v Kern, particularly where it is stated (p 98), "We do not mean to say that in the examinations which have been held for all these many persons who have been temporarily appointed * * * that experience is not to count and be given a proper rating”, to be referable to the parties in that case who may have been appointed in violation of the law. However, such experience as stated further therein "cannot work against those who were upon competitive lists and should have been appointed originally”. The interpretation to be given by this court is to permit experience to be afforded a person, similar to the petitioner herein, who may have been improperly employed by a political subdivision when later qualifying for an open competitive examination and position, where no detriment to or advantage over other civil service applicants for the same open competitive position is shown, particularly where there is no specification as to the manner in which the experience is to be acquired.
The court finds, that as a matter of law under the facts herein, the affirmative defenses asserted are of no avail to the respondent, Nassau County Civil Service Commission in response to this petition.
As to whether or not the petitioner has the required one-year employment, the court is not passing upon. For a determination of whether or not the petitioner was employed for one year by the Levittown Fire Department as a fire alarm dispatcher, this court is remanding to the Civil Service Commission for further investigation and reconsideration.
While petitioner should not be given any preference or special privileges or rights to the job by virtue of her contended employment, she shall be treated equally along with all other applicants, if after further evaluation, she satisfies the one-year experience requirement and has passed the test.