■ In the Matter of ERNST DINDA, Respondent, v TERESA H. KEYES, as Personnel Officer of the County of Suffolk, Appellant.—In a proceeding pursuant to CPLR article 78, inter alia, to compel appellant to permit petitioner-respondent to take a special promotional examination, the appeal is from a judgment of the Supreme Court, Suffolk County, entered November 4, 1976, which inter alia, granted the petition to the extent of granting petitioner the right to take a special examination and prohibited the publication of the results of a prior promotional examination until such time. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Petitioner was appointed to the permanent position of Public Health Sanitarian on December 3, 1973. On June 17, 1974 petitioner was appointed provisional Senior Health Sanitarian. Notice of a promotional examination for the position of Senior Public Health Sanitarian was given on February 13, 1975. To qualify for that examination, at least two years of continuous service was required in the permanent position of Public Health Sanitarian. When the petitioner was notified that he did not qualify to take the promotional examination because he did not fulfill the two-year requirement, he commenced this proceeding. Special Term incorrectly ruled that the appellant's determination to give only a promotional examination was affected by an error of law. The two-year requirement for a promotional examination was reasonable (see Matter of Stanton v Municipal Civ. Serv. Comm. of City of Newburgh, 189 Misc 782). Petitioner, failing to meet this requirement, and unable to apply his service time as a provisional appointee toward the requirement (see Civil Service Law, § 52, subd 10), was ineligible to take the examination. Subdivision 1 of

section 51 of the Civil Service Law allows appellant to determine whether to fill a vacancy by giving an open competitive examination instead of a promotional examination. There were, according to the record, at least eight potential candidates for promotion. Although subdivision 2 of section 51 of the Civil Service Law does not require that only a promotional examination be given, it is not improper to do so. Accordingly, the appellant properly scheduled a promotional examination; the petitioner failed to meet the reasonable requirements for eligibility for the examination. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.