▮ In the Matter of PATRICIA CANAVA et al., Respondents, v TERESA KEYES, as Director of the County Personnel Department of the County of Suffolk, Appellant.—Appeal from a judgment of the Supreme Court, Suffolk County, dated March 30, 1977, which, after a hearing, directed that petitioners Canava, Messina, Rohrbach, Lascher and De Graff be placed on the promotional list for the position of recreation center manager and that petitioner Drommerhauser be placed on the promotional list for the position of assistant recreation center manager. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Each of the petitioners was provisionally appointed, after a job survey, either as recreation center manager (Canava, De Graff, Lascher and Rohrbach) or assistant recreation center manager (Messina and Drommerhauser). Prior to these appointments, the petitioners had performed the duties of a recreation center manager under various titles. Notice of open-competitive and promotional examinations for the positions of recreation center manager (manager) and assistant recreation center manager (assistant manager) was given. To qualify for the promotional examination for manager, continuous service was required for at least one year in the permanent position of either senior recreation leader or assistant recreation center manager, *or* two years in the permanent position of recreation leader; to qualify for the promotional examination for assistant manager, at least one year of continuous service was required in the permanent position of recreation leader. Petitioners Canava, Messina, Rohrbach, Lascher and De Graff were notified that they were qualified to take the open-competitive, but not the promotional, examination for manager. Petitioner Drommerhauser was notified that he was qualified to take the open-competitive, but not the promotional, examination for assistant manager. As to each title, the same examination was to be given for both the open-competitive and promotional lists. Special Term permitted petitioners to take the examinations, but stayed publication of the results thereof pending a hearing to determine whether they were

entitled to take the examinations on a promotional basis. The petitioners passed the examinations. After a hearing, Special Term found that the appellant had "failed to state her reasons, much less justify, the setting of the minimum qualifications" and the resulting exclusion of the petitioners, "whose experience alone should have qualified them to take the promotional examinations." Special Term thereupon directed that the petitioners be placed on the promotional lists for the positions of manager (all the petitioners except Drommerhauser) and assistant manager (Drommerhauser). The appellant has the power to establish and promulgate rules and regulations governing promotional examinations and to prescribe minimum qualifications for each position (see *Matter of Stanton v Municipal Civ. Serv. Comm. of City of Newburgh,* 189 Misc 782). The decisional law is that " 'the commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts *if any fair argument can be made to sustain its action,"* * * * even though they may differ from the commission as to its advisability" ' " *(Civil Serv. Employees Assn., Probation Officers Unit v Klein,* 51 AD2d 759, 760 [emphasis in original]). Under the statute, a candidate for promotion must hold the competitive class position in the lower grade which is in the direct line of promotion; promotional lines are to be determined by the local civil service commission (see Civil Service Law, § 52, subd 1). The requirement of two years' service in the lower level position is reasonable (see *Matter of Dinda v Keyes,* 58 AD2d 810). Petitioners are unable to apply their service as provisional employees to this requirement (see Civil Service Law, § 52, subd 10; *Matter of Dinda v Keyes, supra).* The fact that some or all of the petitioners may have been prevented from meeting the requirements because of a "job freeze", or because the required titles were not available, does not entitle them to a promotion (see *Matter of Schuyler v Department of Personnel of City of N. Y.,* 47 AD2d 948, affd 39 NY2d 851; *Matter of Stanton v Municipal Civ. Serv. Comm. of City of Newburgh,* 189 Misc 782, *supra).* The fact that the petitioners are unable to meet the eligibility standards for the promotional examination is not evidence of bad faith. There is no allegation or proof that the petitioners' continued employment as *provisional* managers or assistant managers has been affected. Gulotta, J. P., Shapiro, Margett and O'Connor, JJ., concur.