■ In the Matter of Frances A. Maloney, Respondent, v Nassau County Civil Service Commission, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to direct the appellant to permit petitioner-respondent to take an open competitive civil service examination, the appeal is from an order of the Supreme Court, Nassau County, dated July 8, 1977, which, *inter alia,* remanded the matter to the appellant to determine whether petitioner met the minimum qualifications for the examination. Permission for the taking of this appeal is hereby granted by Mr. Justice Rabin. Order affirmed, without costs or disbursements. On January 5, 1977 appellant announced that there would be an open competitive examination for the position of fire alarm dispatcher. The minimum qualifying requirement for admission to the examination was "One year of experience in the operation of a radiotelephone or of a telephone switchboard." On January 17, 1977 petitioner submitted her application to take the examination. Although she had been engaged as a substitute and/or provisional fire alarm dispatcher for the Levittown Fire Department from March, 1974 through January, 1977, her application was disapproved by the appellant. The ground asserted for disapproval was that her employment was illegal and improper since her payroll status had never been certified pursuant to section 100 of the Civil Service Law. Special Term rejected appellant's affirmative defense and, as a matter of law, permitted consideration of the experience of an individual "who may have been improperly employed by a political subdivision when later qualifying for an open competitive examination and position, where no detriment to or advantage over other civil service applicants for the same open competitive position is shown". The matter was remanded for such consideration. We agree. The sole criterion established by appellant for admission to the announced open competitive examination was "One year of experience in the operation of a radiotele-

phone or of a telephone switchboard." The only basis on which appellant contests petitioner's skill and experience is that it was gained while she was improperly employed in a position covered by the Civil Service Law. In our opinion petitioner's work experience, although gained while improperly employed under subdivision 1 of section 65 of the Civil Service Law, may be used to qualify her to take the open competitive civil service examination. If in fact petitioner has the actual experience, skills and knowledge required, she should not be denied the opportunity to take the subject examination. As the petitioner properly points out, such experience could have been gained in private industry, in a professional office, on shipboard, on aircraft, or even as a ham operator, and it would still come within the scope of the appellant's specifications. No restriction of any nature is set forth as to the manner in which the requisite experience could be gained. Unlike *Matter of Camfield v Mealy* (288 NY 149), there was no credit to be given for prior civil service experience per se and the examination grades were not to be weighted on the basis of such experience. The dissent opines that we have overlooked "the importance of that decision." On the contrary, we have not overlooked the importance of the *Camfield* case; it is simply that we consider it entirely inapposite to the factual pattern in this case for two reasons. There, a weighted examination was involved in which 60% credit was to be given for prior training and experience as a police officer, thus placing the examination in the promotional category; here, no credit was to be given for prior experience and the examination was an open, competitive and unweighted one with no credit being given for prior experience. Furthermore, by its very nature, the prior experience in the *Camfield* case had to be in a police department in which the applicant was properly, i.e., legally employed, whereas in this case the applicant's prior experience could have been obtained anywhere. It is therefore immaterial how, when or where the applicant performed her services so long as they gave her at least "One year of experience in the operation of a radiotelephone or of a telephone switchboard." Rabin, Shapiro and Hawkins, JJ., concur; Martuscello, J. P., dissents and votes to reverse the order and to dismiss the proceeding on the merits, with the following memorandum, in which Cohalan, J., concurs: In order to overcome the administrative determination of the appellant commission, it was necessary for petitioner to show that it was palpably illegal and without rational basis (see *Matter of Grossman v Rankin*, 54 AD2d 639). I find that the commission's disapproval of petitioner's application was lawful and within the scope of its discretion. Subdivision 1 of section 65 of the Civil Service Law provides, in pertinent part: "Provisional appointments authorized. Whenever there is no appropriate eligible list available for filling a vacancy in the competitive class, the appointing officer may nominate a person to the state civil service department or municipal commission for non-competitive examination, and if such nominee shall be certified by such department or municipal commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination." Since petitioner, a provisional employee, was never examined or certified by the commission, her employment constituted an unlawful violation of the Civil Service Law (see *Matter of Hines v La Guardia*, 293 NY 207). The courts of this State have consistently set down a strong public policy against any recognition of credit or benefit based upon employment which disregards the provisions of the Civil Service Law. While the majority of this court cite *Matter of Camfield v Mealy* (288 NY 149), they overlook the importance of that decision. In *Camfield*,

respondent held a provisional appointment as Chief of Police of the City of Mechanicville for 13 months. At the end of that period, the Civil Service Commission announced an open competitive examination to fill the position, specifying that the following experience would be required: "four years of full time paid experience as a police officer in a recognized police department. Experience in ranks for the above patrolman will be accepted on the following basis: One year as a sergeant equals two years as a patrolman. One year as Chief of Police equals four years as a patrolman." Respondent's application to take the examination was disapproved by the commission upon the ground that his employment had been unlawful, since the Civil Service Law then provided that provisional appointments would not continue for a period longer than four months. Although respondent had the actual requisite experience as Chief of Police, the Court of Appeals refused to set aside the commission's determination. The court held that: "Any formulation of qualifications for a position in the civil service which provides for credit or benefit based upon the disregard of the provisions of the Civil Service Law is contrary to public policy and is from its nature arbitrary and unlawful" (288 NY 149, 153, *supra*). The *Camfield* case established the principle that the courts will refuse to sanction employment which violates the Civil Service Law and will never credit experience gained pursuant to such employment (cf. *Palmer v Board of Educ.*, 276 NY 222). The purpose underlying that policy is to prevent the ultimate weakening of the civil service system which would result if its rules were evaded without penalty. In the present proceeding the commission denied petitioner's application after a determination that her employment violated the provisions of the Civil Service Law. Since petitioner could only qualify for the examination through experience obtained by such employment, the commission's denial of her application should be upheld. [91 Misc 2d 581.]