OPINION OF THE COURT
Eli Wager, J.
In this CPLR article 78 proceeding the Suffolk County Court *838 Employees Association and 11 individual petitioners seek a permanent injunction directing the respondent to permit the individual petitioners to take promotional examinations for the positions of Associate Court Clerk and Associate Surrogate’s Court Clerk and directing that the petitioners’ names be placed on the eligible promotion lists derived from such examinations.
By order of the court dated November 15, 1979, Senior Court Clerks qualified to take the examinations were permitted to intervene and an order was entered permitting petitioners to take the examinations but restraining publication of the results pending determination of this proceeding. The matter has been referred here by order of Special Term, Suffolk County Supreme Court.
The 11 petitioners have permanent civil service appointments to the positions of Assistant Court Clerk or Senior Court Officer in the unified court system of Suffolk County. All but one of them were promoted on a provisional basis to the position of either Court Clerk I or Court Clerk II or Assistant Court Clerk and one still occupies his permanent position as Senior Court Officer. The provisional appointments were made as. long ago as April, 1975 and as recently as April, 1979. On May 27, 1979 the position of Court Clerk I was reclassified as Senior Court Clerk, the position of Court Clerk II was reclassified as Associate Court Clerk and Associate Surrogate’s Court Clerk, and the positions of Assistant Court Clerk and Senior Court Officer remained unchanged. On October 16, 1979 the respondent announced State-wide promotional and open-competitive examinations for the positions of Associate Court Clerk and Associate Surrogate’s Court Clerk to be given on December 8, 1979 and November 17, 1979. The announcement for the promotional examination provided that in order to be eligible to take that examination, the candidates must have been employed on a permanent competitive basis in the title of Court Clerk or Senior Court Clerk. The open-competitive examination announcement stated only general educational and experience qualifications but it contained the following notation: "It is anticipated that a substantial majority of the positions in New York City and in Nassau and Suffolk Counties will be filled from the promotional lists and not the open-competitive list.”
Thus, those petitioners who have been employed in Suffolk County on a provisional basis in the title of Court Clerk I (now *839 Senior Court Clerk) have been denied the right to compete with those who have permanent appointments to the same position. Those who have been employed on a provisional basis in the title of Court Clerk II have been denied the right to compete for the very position they occupy and have occupied, in some cases, for a number of years. Furthermore, it appears that the last time an examination for the position of Associate Court Clerk (then Court Clerk II) was given in Suffolk County was in 1973. The qualification at that time was one year of permanent service in the title of Court Clerk I or Assistant Court Clerk or Senior Court Officer, positions to which petitioners have been appointed on a permanent basis. Petitioners urge that the failure of the respondent to provide promotional examinations in Suffolk County since 1973 has prejudiced them. They assert that the respondent’s refusal to permit them to take a promotional examination now for the positions of Associate Court Clerk and Associate Surrogate’s Court Clerk is arbitrary and capricious and a violation of their right to due process and equal protection of the law.
As justification for its procedure, the respondent has provided an historical background as follows. Effective April 1, 1977, the State of New York assumed the obligation of paying the expenses of a unified court system (Judiciary Law, § 39) and most court employees, previously paid by localities, were placed on the State payroll. Pursuant to section 211 (subd 1, par [d]) of the Judiciary Law the Chief Judge was authorized to establish standards and policies relating, inter alla, to personnel practices including title structure, classification and promotions. These responsibilities were delegated to the Chief Administrator of the Courts who, on May 29, 1979, after several years of analysis and hearings proposed a new classification plan and subsequently announced the promotional and open-competitive examinations at issue here. The decision to limit the promotional field in the Tenth Judicial District and in New York City to the next lowest job classification (Senior Court Clerk) was based on the fact that there are many available incumbents in that position, whereas in the up-State districts the number of incumbents barely exceeds the available vacancies.
With respect to the situation in Suffolk County, the respondent alleges that in 1973, when the last promotional examination for Court Clerk II (now Associate Court Clerk) was given there, the position was locally funded and the examinations *840 were limited to positions in the locally funded jurisdiction. There was at that time an insufficient number of eligible employees in Suffolk in the next lowest promotional title (the situation which exists today in the up-State judicial districts). Thus, the eligibility requirement was expanded to include the lower titles of Assistant Court Clerk and Senior Court Officer, the titles petitioners now occupy on a permanent basis. Respondent concludes that the minimum eligibility requirements currently promulgated for the positions of Associate Court Clerk and Associate Surrogate’s Court Clerk are proper, that petitioners cannot acquire permanent status in the qualifying title as a result of their provisional service and that the petition thus fails to state a cause of action and should be dismissed.
A determination establishing minumum eligibility requirements for promotional examinations is not to be interfered with by the courts if any fair argument can be made to sustain the action even though the courts may differ as to its advisability (Matter of Canava v Keyes, 62 AD2d 997; Civil Serv. Employees Assn. v Klein, 51 AD2d 759; Matter of Wirzberger v Watson, 305 NY 507). Pursuant to its rules (22 NYCRR 25.15 [a], based on subdivision 1 of section 52 of the Civil Service Law), respondent "shall” fill vacancies in the competitive class as far as practicable by promotion from among persons holding competitive class positions in a lower title in the direct line of promotion in the promotion unit in which the vacancy exists. Thus, the respondent is authorized to confine eligibility to those on the promotion ladder immediately below that for which the examination is given (Matter of Gerity v Bronstein, 53 AD2d 814). Furthermore, the rules mandate that in order to be eligible to enter an examination for promotion or to receive a promotion a person must have been employed in a competitive class position on a permanent basis (22 NYCRR 25.13 [j] [1]).
Provisional appointments, no matter how long continued, cannot ripen into permanent appointments (Matter of Giordano v Henry, 44 AD2d 835) and such service does not serve to invest an employee with the rights which the law attaches to the status of permanent civil service employment (Matter of Hilsenrad v Miller, 284 NY 445). No credit can be given in a promotional examination for any time served as a provisional appointee in the position to which promotion is sought or in any similar position (Civil Service Law, § 52, subd 10; *841 Matter of Canava v Keyes, 62 AD2d 997, supra; Matter of Dinda v Keyes, 58 AD2d 810).
Thus, the instant respondent’s determination to limit eligibility for promotion to those with permanent appointments was authorized by law. The determination to limit eligibility in the Tenth Judicial District to those with permanent appointments in the next lower position cannot be deemed to have been irrational in view of the number of such appointees. Nor was it irrational to establish different eligibility requirements in the up-State districts since such a procedure may be deemed justified where there is a need to create a larger pool of potential applicants (cf. Matter of Dahlem v Leonard, 51 AD2d 723). The fact that most of the petitioners have served as provisional appointees for periods of more than nine months may constitute a violation of the statute (Civil Service Law, § 65, subd 2) and the rules and regulations (22 NYCRR 25.26 [b]; see Matter of Hannon v Bartlett, 63 AD2d 810) does not inure to their benefit since no credit can be given based on a disregard of these provisions (Matter of Camfield v Mealy, 288 NY 149; see Matter of Maloney v Nassau County Civ. Serv. Comm., 46 NY2d 1003, revg 62 AD2d 1059; Matter of Vazquez v New York City Dept. of Social Servs., 56 AD2d 432, affd 44 NY2d 720). The fact that petitioners’ permanent classifications would in 1973 have satisfied the promotional requirements for the jobs they now seek is of no moment: the Constitution does not guarantee past promotional opportunities (Matter of Pon v McCoy, 38 AD2d 608, affd 30 NY2d 902). There is no denial of equal protection where there is no discrimination among persons in a similar situation at any given period (Matter of Koster v Holz, 3 NY2d 639).
Unfortunately for petitioners, they are in their status as provisional appointees exempted from civil service protections as well as requirements (Koso v Greene, 260 NY 491; Matter of Onondaga Ch. Civ. Serv. Employees Assn. v Bobenhausen, 69 AD2d 983). Thus, their long and satisfactory service in such positions provides no basis upon which this court can grant relief. And, under the circumstances present here, there can be no judicial interference with the respondent’s determination to exclude them from the promotional field on the basis of their permanent appointments.
Since the eligibility requirements here are at issue, have a rational basis and are clearly authorized by law, the petition must be dismissed.