■ In the Matter of MARGARET KIRCHGESSNER, Appellant, v HUGH HURLBUT, as Commissioner of Personnel of Tompkins County, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered February 11, 1980 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for an order directing

respondent to restore petitioner to a civil service eligible list for the position of senior caseworker. Petitioner has been employed by the Tompkins County Department of Social Services since March 23, 1973, and is at present a senior social welfare examiner. In 1977, petitioner passed a competitive examination for the position of senior caseworker, and was placed third on the eligible list. Thereafter, she was advised by the department that she lacked specified training and experience required for the position, and her name was removed from the list. She appealed to the Commissioner of Personnel of Tompkins County, who sustained the initial determination. Her petition for review pursuant to CPLR article 78 was dismissed by Special Term. This appeal ensued. Petitioner urges that her experience as a social welfare examiner satisfied the "social work" requirement necessary for the position of senior caseworker described in 18 NYCRR 680.4. Upon review, this court will not interfere with the Civil Service Commission's discretion in determining the qualifications of candidates unless the decision is so irrational and arbitrary as to warrant intervention *(Matter of Metzger v Nassau County Civ. Serv. Comm.,* 54 AD2d 565). There are statutorily defined descriptions for the positions of senior caseworker (18 NYCRR 680.4) and senior social welfare examiner (18 NYCRR 680.14). Although a broad interpretation may conclude that many of the duties of a social welfare examiner are generically similar to those of senior caseworker, respondent cannot be said to have been arbitrary or capricious in his determination that petitioner's work experience did not fulfill statutory criteria. The record indicates he made inquiry to the New York State Civil Service Commission to confirm his interpretation. We find respondent's determination was supported by substantial evidence, was not in excess of his jurisdiction or in violation of lawful procedure, and was not arbitrary or an abuse of his discretionary power. We, therefore, affirm *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Intervention by this court is unwarranted *(Matter of Tomanio v Board of Regents of Univ. of State of N.Y.,* 43 AD2d 643, affd 38 NY2d 724). Judgment affirmed, with costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.