■ HEIGHTS 75 OWNERS CORP., Respondent, v CHARLES M. SMITH et al., Appellants. LIVING LANDMARKS DEVELOPMENT CORP., Intervenor-Appellant.—In a proceeding pursuant to CPLR article 78 to prohibit the issuance of any building permit or other permit authorizing the construction of a building located at 67 Livingston Street, Kings County, pending the determination of an appeal to the New York City Board of Standards and Appeals, Charles M. Smith, Sylvia

Deutsch, and the intervenor separately appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Morton, J.), dated November 13, 1985, which granted the petition and denied a cross motion to dismiss the proceedings.

Ordered, that the appeals are dismissed as academic, without costs or disbursements.

Living Landmarks Development Corporation (hereinafter LLDC) filed a plan to construct an apartment building at 67 Livingston Street in Kings County. The Brooklyn Borough Superintendent of the New York City Department of Buildings issued an objection to the proposed structure on the ground that it did not comply with the provisions of the city's zoning ordinance imposing height restrictions for buildings constructed on narrow lots. However, that objection was subsequently overruled by the Deputy Commissioner of the Department of Buildings, whose determination was thereafter affirmed by the Commissioner of the Department of Buildings, upon the ground that such restrictions were inapplicable in the particular zone in which the proposed structure would be located.

The Heights 75 Owners Corp., which owned the apartment building adjoining the proposed construction site, appealed from the decision of the Commissioner to the Board of Standards and Appeals (hereinafter BSA). Both the Department of Buildings and the Corporation Counsel contended that the pending appeal did not serve to stay the issuance of a foundation or building permit. Accordingly, the Heights 75 Owners Corp. commenced a proceeding pursuant to CPLR article 78 to prohibit the issuance of any permits during the pendency of the appeal before the BSA. The petitioner argued that such a stay was mandated by New York City Charter § 669 (c).

By order and judgment (one paper) dated November 13, 1985, the Supreme Court granted the petition, holding that New York City Charter § 669 (c) does provide for an automatic stay of the issuance of a building or foundation permit pending the outcome of the administrative appeal taken by Heights 75 Owners Corp., an aggrieved party. These appeals ensued.

These appeals must be dismissed as academic. The substantive issue presented is whether New York City Charter § 669 (c) provides for an automatic stay of the issuance of a building permit during the pendency of an administrative appeal taken by an aggrieved party to the BSA. It is conceded that that body has now resolved the underlying issue before it, and has

affirmed the determination of the Commissioner of the Department of Buildings. Therefore, any stay which may have arisen by operation of the New York City Charter § 669 (c) has therefore now unquestionably been dissolved. A judicial declaration, whether by way of affirmance or reversal, as to whether such an automatic stay arose would have no practical effect on any party before the court.

"In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). "This principle, which forbids [the] courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" *(Matter of Hearst Corp. v Clyne, supra,* at 713-714). While exceptions to the mootness doctrine have been recognized *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715), "only exceptional cases, where the urgency of establishing a [judicial] rule of future conduct is imperative and manifest will justify a departure from our general practice" *(Matter of Lyon Co. v Morris,* 261 NY 497, 499). The matter at hand does not qualify as a question of "substantial public importance" *(see, People ex rel. Guggenheim v Mucci,* 32 NY2d 307, 310; *Matter of Gold v Lomenzo,* 29 NY2d 468, 476) such as would warrant our circumvention of the mootness bar. Nor is the legal question presented of any great interest, involving as it does the construction of a provision in the New York City Charter which, as the Supreme Court found, is relatively unambiguous, and which is similar to other provisions of law which have been previously construed by the courts *(see, e.g., Lindner v Incorporated Vil. of Freeport,* 61 Misc 2d 667, 668-669).

The appeals are accordingly dismissed. We do not reach the merits of the issues raised. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.