■ In the Matter of ROBERT C. AUTORINO et al., Appellants, v WESTCHESTER COUNTY PERSONNEL OFFICE et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents which included certain individuals on a civil service eligibility list established on April 1, 1987, for appointments to the position of lieutenant—public safety services, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered April 19, 1988, which, upon granting the respondents' motion, dismissed the proceeding, and (2) from an amended order and judgment (one paper) of the same court entered May 23, 1988, which granted the same relief.

Ordered that the appeal from the order and judgment is dismissed, as it was superseded by the amended order and judgment; and it is further,

Ordered that the amended order and judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In September 1986 the respondents administered a civil service examination for the position of lieutenant—public safety services. The minimum qualifications to take the examination were permanent competitive class status as sergeant. At the time of appointment, however, the candidate was required to have had at least 24 months' permanent competitive class status as a sergeant. Thus, by allowing persons to take the examination who might not presently have all the qualifications for appointment, the respondents established what they termed "anticipated eligibility." After an eligible list was established, the petitioners, who placed sixth through eleventh on that list, commenced this proceeding objecting to the inclusion on the list of the names of two individuals who placed second and fifth, respectively, but who did not have the necessary experience for appointment.

The respondents contend that the appeals should be dismissed as academic. They allege that the two individuals whose right to be on the eligible list was challenged by the petitioners have since either died or been appointed. Although an appeal will be considered academic if the rights of the parties will not be directly affected by the determination of the appeal, an exception to the doctrine of mootness permits the appellate courts to preserve for review cases which present (1) a likelihood or repetition, either between the parties or among other members of the public, (2) a phenomenon typically evading review, and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707; *Heights 75 Owners Corp. v Smith,* 135 AD2d 680). With respect to the "anticipated eligibility" system, it is likely that similar disputes will arise between different parties when future examinations are given.

We find no merit to the contention that the respondents violated Civil Service Law § 61. The anticipated eligibility system did not violate the "one of three" rule in Civil Service Law § 61 since that rule clearly applies only to certification for appointment, not to preparation of an eligible list (*see,* Civil Service Law § 61 [1]; *cf., Porto v Town/Village of Harrison,* 100 AD2d 870; *Serva v Office of Ct. Admin.,* 92 AD2d 587).

We also find that the respondents did not act arbitrarily or capriciously in setting different qualifications for taking the test and those for ultimate appointment. It is well established that a commission's fixing of the minimum requirements for admission to an examination is not to be interfered with by the courts if any fair argument can be made to sustain its action (*see, Matter of Canava v Keyes,* 62 AD2d 997; *Civil Serv. Employees Assn. v Klein,* 51 AD2d 759). It has also been held that a commission has the power to prescribe minimum qualifications for each position (*Matter of Canava v Keyes, supra; Matter of Stanton v Municipal Civ. Serv. Commn.,* 189 Misc 782). It was reasonable for the respondents to include on the eligible list candidates who lacked the necessary experience (possibly by a month or less) for appointment, since the examination was given only once every 3 or 4 years and it would have caused a hardship to have forced such candidates to wait for the next examination. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.