■ In the Matter of ANTHONY CUSIMANO et al., Appellants, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review two determinations of the respondent Nassau County Civil Service Commission, both dated March 4, 1988, which found that the petitioners were not qualified to take the open competitive examination for the civil service position of "Director of Construction Services", the petitioners appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated March 31, 1989, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the determinations are annulled, and the petitions are granted to the extent of directing the respondent Nassau County Civil Service Commission to grade the petitioners' examinations, and if they obtain passing grades, to add their names to any civil service eligible lists for "Director of Construction Services" which have been promulgated subsequent to the subject examination.

In January 1988 the Nassau County Civil Service Commission issued an announcement for an open competitive examination regarding the title of "Director of Construction Services". A section thereof, entitled "MINIMUM QUALIFICATIONS", listed several qualifications, including: "Eleven years of satisfactory experience managing the construction of various building facilities, including five years as construction manager of complex, major facilities costing $20,000,000 or more".

In rejecting the petitioners' applications to take the examination, the Commission was of the view that the petitioner Snow "faile[d] to show the required 5 years experience as the construction manager of $20 million or more construction projects", and that the petitioner Cusimano's "[e]xperience as Architect not acceptable as construction manager".

However, a review of the evidence in the record, including the sworn affidavit of Walter Strauss, an assistant to the Commissioner for Capital Programs in the Nassau County Department of Public Works, indicates that the petitioners had the necessary qualifications to take the examination, and that other applicants with similar backgrounds had been found qualified by the Commission to take the examination. In opposition to this probative material, the Commission merely submitted a concededly "undated, unsworn affidavit" from a "Personnel Specialist" employed by the Commission. Under these circumstances, the Commission's determinations must be considered "so irrational and arbitrary as to warrant intervention" *(Matter of Kirchgessner v Hurlbut,* 81 AD2d 958, 959).

We note that the petitioners were permitted to take the subject examination pursuant to the provisions of an order to show cause dated March 17, 1988. Accordingly, the Commission is directed to grade the petitioners' examinations and, if they obtain passing grades, to add their names to any civil service eligible lists for "Director of Construction Services" which have been promulgated subsequent to the subject examination. Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.