■ In the Matter of MARJORIE RUSSO et al., Respondents, v PATRICIA PRENDERGAST, as Rockland County Commissioner of Personnel, et al., Appellants. [658 NYS2d 331] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Personnel of the County of Rockland, dated September 7, 1995, and two other determinations of the Commissioner, both dated September 8, 1995, which denied the petitioners' respective applications to take a Civil Service examination for the position of Housing Locator, the appeals are from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated May 14, 1996, which found that the petitioners possessed the qualifications to take the examination, and (2) a judgment of the same court, dated May 30, 1996, which granted the petition and annulled the determinations.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the determinations are confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the order must be dismissed as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78 (see, CPLR 5701 [b] [1]). In any event, the appeal from the intermediate order must be dismissed because any right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The Commissioner of Personnel of the County of Rockland is authorized to "prescribe minimum qualifications for each position" offered (Matter of Canava v Keyes, 62 AD2d 997, 998), and may exercise discretion in "determining the qualifications of candidates" for exams (Matter of Choset v Nassau County Civ. Serv. Commn., 199 AD2d 264, 265; Matter of Kirchgessner v Hurlbut, 81 AD2d 958). A court may not interfere with the Commissioner's exercise of that discretion "unless the decision is irrational and arbitrary" (Matter of Choset v Nassau County Civ. Serv. Commn., supra, at 265; see, Matter of Weitzenberg v Nassau County Civ. Serv. Commn., 172 AD2d 613), even if the court " ' " 'differ[s] * * * as to its advisability' " ' " (Canava v Keyes, supra, at 998; Matter of Kamensky v Barclay, 123 AD2d 694, 696).

A review of the record establishes that the Commissioner's determinations that the petitioners did not have the minimum qualifications to take the examination in question were not arbitrary and irrational. Therefore, the court erred in annulling those determinations. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.