■ In the Matter of PAIGE GOODMAN, Respondent, v RUDOLPH F. CREW, as Chancellor of the Board of Education of the City of New York, et al., Appellants, et al., Respondent. [658 NYS2d 370] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants Rudolph F. Crew, Chancellor, Board of Education of the City of New York, Margaret Harrington, and Harris Sarney, designating both the petitioner Paige Goodman and the respondent Lisa Camilleri as valedictorians of the 1996 graduating class of Bayside High School, the appeal is from a judgment of the Supreme Court, Queens County (Polizzi, J.), dated June 10, 1996, which granted the petition, annulled the determination, and directed that the appellants designate the petitioner as the sole valedictorian.

Ordered that the appeal is dismissed as academic, with costs.

The petitioner Paige Goodman and fellow student Lisa Camilleri were both named valedictorians of the 1996 graduating class of Bayside High School. Goodman thereafter commenced this proceeding pursuant to CPLR article 78, contending that the determination of the Board of Education of the City of New York and various school officials (hereinafter the school parties) to name two valedictorians was arbitrary and capricious and that she alone should be valedictorian. The Supreme Court agreed and granted the petition. During the pendency of this appeal by the school parties, the judgment was automatically stayed pursuant to CPLR 5519. It is undisputed that the graduation went forward and that both Goodman and Camilleri were accorded the position of valedictorian.

"In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *Heights 75 Owners Corp. v Smith,* 135 AD2d 680, 682). The issue of whether the Supreme Court, Queens County, erred in annulling the determination of the school parties is moot, since any determination of the matter

by this Court would not directly affect the rights of the particular parties to this appeal, and the case does not fall within any recognized exception to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne, supra,* at 714-715; *cf., Community Bd. 7 v Schaffer,* 84 NY2d 148, 154). Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.