Matter of Endicott Police Benevolent Assn., Inc. v Bertoni (2018 NY Slip Op 07222)





Matter of Endicott Police Benevolent Assn., Inc. v Bertoni


2018 NY Slip Op 07222


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526197

[*1]In the Matter of ENDICOTT POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants,
v
JOHN BERTONI, as Mayor of the Village of Endicott, et al., Respondents, and THOMAS BEHAN, as Personnel Officer of Broome County, et al., Respondents.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for appellants.
Robert G. Behnke, County Attorney, Binghamton, for Thomas Behan and another, respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Reynolds-Fitzgerald, J.), entered August 30, 2017 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents Thomas Behan and Broome County Personnel Department setting the minimum qualifications for the civil service examinations for the positions of Chief of Police and Assistant Chief of Police for the Village of Endicott.
In March 2016, a vacancy by retirement occurred in the position of Chief of Police of the Village of Endicott Police Department. In June 2016, the Village Board of Trustees adopted a resolution imposing additional qualifications for the Chief of Police position requiring, as relevant herein, that applicants have at least one year of experience within the rank of Deputy Chief, Assistant Chief or Captain, or the equivalent of such rank, with a law enforcement agency. In January 2017, respondent Broome County Personnel Department (hereinafter BCPD) posted notices of intention to conduct open competitive examinations for the Chief of Police position and for the position of Assistant Chief of Police, which was also vacant. The notice for the Chief of Police position incorporated the minimum qualifications for experience that had been adopted by the Village Board of Trustees. The notice for the Assistant Chief of Police position included the requirement of at least one year of experience within the rank of Captain, or its equivalent, [*2]with a law enforcement agency. Petitioners Frederick J. Raub, Steven G. Noyes and Charles F. Smales (hereinafter collectively referred to as the candidate petitioners) — each then serving as a Lieutenant in the Endicott Police Department — desired to compete for both positions, but none of them was eligible because none had served at the rank of Captain or higher in any law enforcement agency.
In February 2017, petitioner Endicott Police Benevolent Association, Inc. (hereinafter the PBA) sent a letter to BCPD requesting that promotional examinations be conducted for the positions, rather than open competitive examinations, and that minimum qualifications for experience be revised to permit service at the rank of lieutenant. BCPD did not respond to the letter, and open competitive examinations were conducted for both positions on March 18, 2017. Petitioners then commenced this CPLR article 78 proceeding seeking to compel BCPD to issue new minimum qualifications for the examinations for the Chief of Police and Assistant Chief of Police positions that would make the candidate petitioners eligible to sit for the examinations, administer new examinations consistent with the revised qualifications and disregard the results of the March 18, 2017 examinations. Supreme Court dismissed the petition and petitioners appeal.
Petitioners' primary argument on appeal — that competitive civil service positions may be filled by open competitive examinations only when it is impracticable to fill them through promotional examinations — is contrary to the express language of the Civil Service Law and the relevant legislative history. The Civil Service Law did, in fact, originally require that "[v]acancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists" (Civil Service Law former § 16; see Matter of Cornehl v Kern, 260 App Div 35, 37-38 [1940], affd 285 NY 777 [1941]). Civil Service Law former § 16 was the forerunner to Civil Service Law § 52 (1), which was amended in 1968 for the specific purpose of eliminating the preference that competitive positions be filled by promotion. The 1968 amendment added the present introductory clause to Civil Service Law § 52 (1), which now provides that "[e]xcept as provided in section [51], vacancies in positions in the competitive class shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists" (emphasis added). Civil Service Law § 51 (1), in turn, accords discretion to the hiring officer and, as relevant here, the municipal civil service commission to determine whether to fill a vacancy through an open competitive examination or a promotional examination without the necessity of demonstrating that promotion is impracticable (see Matter of Bethel v McGrath-McKechnie, 95 NY2d 7, 12-13 [2000]; Matter of Dinda v Keyes, 58 AD2d 810, 811 [1977]). We thus conclude that Supreme Court properly dismissed petitioners' claims that BCPD's use of open competitive examinations to fill the vacant positions was improper. Our conclusion finds further support in the legislative history of the 1968 amendment (see e.g. Ronkese v Tilcon N.Y., Inc., 153 AD3d 259, 263 [2017]). The Senate cosponsor of the legislation noted that the bill "would authorize open competitive exams instead of closed promotion exam[s] whenever the civil service authorities feel that better results can be secured in that way" (Letter from Sen. John E. Flynn to Governor's Counsel, Bill Jacket, L 1968, ch 836 at 3). The Assembly sponsor similarly noted that the purpose of the amendment was to "make[] it clear that the authorities may always use open competitive examinations when they think it desirable to do so" (Assembly Sponsor's Mem in Support, Bill Jacket, L 1968, ch 836 at 5).
Petitioners also contend that BCPD lacked a rational basis for imposing minimum service requirements that precluded the candidate petitioners from eligibility for both positions. BCPD had the power to establish minimum qualifications for each position, which must be upheld if any fair argument can be made to sustain them (see Matter of Wirzberger v Watson, 305 NY 507, 513 [1953]; Matter of Organization of N.Y. State Mgt./
Confidential Empls. v Lawton, 106 AD2d 48, 51 [1985], lv denied 65 NY2d 602 [1985]; Matter of Canava v Keyes, 62 AD2d 997, 998 [1978]; Mills v Bahou, 55 AD2d 57, 60 [1976]).
The May 2016 job description for the Chief of Police position required that promotional candidates have at least one year of service in the title of Captain of a law enforcement agency. It is undisputed that the qualifications for the Chief of Police position that were in effect when the vacancy arose, and prior to any subsequent modification, required two years of prior service as a third line supervisor, which, in the Endicott Police Department, was the Captain position. Respondent Thomas Behan, the Personnel Officer for Broome County, averred in an affidavit that BCPD had reviewed the job description for a village Chief of Police within Westchester County, which permitted eligibility for the Chief of Police position to be restricted to officers that had one year of experience as a Captain. These factors satisfy the minimal burden imposed on BCPD to provide a fair explanation for requiring one year of service in the title of Captain as a qualification for the Chief of Police position.
The record contains no explanation, however, regarding how BCPD determined that applicants for the Assistant Chief of Police position must have at least one year of experience within the rank of Captain or its equivalent with a law enforcement agency [FN1]. Accordingly, there is no basis upon which this part of the determination may be sustained (see e.g. Civil Serv. Empls. Assn., Probation Officers Unit v Klein, 51 AD2d 759, 760 [1976]). Therefore, that part of the petition that sought to invalidate the March 28, 2017 examination results for the Assistant Chief of Police position must be granted. We have considered petitioners' remaining contentions and find them to be without merit.
Garry, P.J., McCarthy, Lynch and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of petitioners' application invalidating the March 28, 2017 examination results for the position of Assistant Chief of Police; petition granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Indeed, the record does not contain a job description for this position, only the notice of open competitive examination, BCPD did not even mention this position in its appellate brief.