Hyman Korn, J.
By this article 78 proceeding, in the nature of mandamus, petitioner, an assistant special deputy clerk of the Supreme Court, First Judicial District, seeks seniority *859 credits on a civil service promotional examination for his five years of previous employment as a court attendant in the Court of General Sessions of New York County.
Petitioner was employed as a Court Attendant in the said Court of General Sessions from December 1, 1949 to April 1, 1955, when he resigned to accept the position of court attendant and officer in this court, where he since has been continuously employed, attaining his present rank in 1961. On June 29, 1963, petitioner took and passed civil service competitive promotional examination No. 9053, entitled “ Deputy Clerk — Special Deputy Clerk, Supreme Court, First Judicial District, First Department ’ ’. The announcement of that examination included the information that respondent commission would give seniority credits for each year of permanent competitive class service in this court and in the Appellate Division, First Department, and, to those employees transferred to the Supreme Court, effective September 1,1962, as the result of court reorganization, the same yearly seniority credits for past service in the Court of General Sessions and Bronx County Court. On his final test rating, petitioner was afforded extra credits for the eight years spent in service in this court, but was refused credit for any prior service in the Court of General Sessions.
Respondent’s practice has long been to grant seniority credits on promotional examinations only for previous service in the same governmental jurisdiction in which the promotion is sought. Seniority credits on such an examination in this court may rightly be assigned only for prior work performed here (Matter of Sullivan v. Taylor, 285 App. Div. 638, affd. 309 N. Y. 927). Such a policy continually has been recognized as fair, reasonable, nondiscriminatory and appropriate under the circumstances (Matter of Eagan v. Livoti, 287 N. Y. 464). Court reorganization, however, dictated a special expansion of such policy, in conformity with the Civil Service Law, with regard to those particular employees specifically transferred thereby. Petitioner was not in that category.
The Civil Service Law, for all purposes, protects the seniority of officers and employees when there is a transfer of function from a civil division of the State to the State (Civil Service Law, § 70, subd. 2). Therefore, when the functions of the County Court here involved were removed to the State Supreme Court by court reorganization, the civil service classification and status rights of the former employees of the Court of General Sessions were vested on September 1, 1962, and were legally preserved by legislation then adopted. In the very examination in issue, *860 recognition of such seniority rights was clearly set forth in the seniority credit formula as promulgated. Petitioner, how-, ever, having voluntarily divested himself of employment with the Court of General Sessions some seven years before the occurrence of court reorganization (and, perhaps, before such a plan was even thought of), secured no vesting of rights in this regard upon the termination of his county employment. Nor did any additional rights accrue to him merely perforce of the adoption of court reorganization.
No claim of discriminatory or arbitrary assignment of seniority credits may be upheld against respondent because such extra credits were not afforded to all former employees of the Court of General Sessions for work performed in that court at any time prior to court reorganization. At the time when the Court of General Sessions was merged into the Supreme Court, petitioner was not rendering the same service as other employees of the Court of General Sessions because he was not rendering any service to that court at all and had not done so for some seven years before. In the grading of the examination in issue, all former employees of the Court of General Sessions, transferred by court reorganization, were identically rated and credited. No duty devolved upon respondent to do more.
Finally, any seniority arrangement adopted for themselves by the Justices of this court, to aid in administration and work assignments, cannot be either dispositive of or even influential in determining the issue herein, which must be decided by legal, not practical or administrative rules.
While the court is in sympathy with the petitioner’s position, the court is constrained to follow the law as enunciated by our appellate courts.
Therefore, respondent’s action was neither arbitrary, .capricious, unreasonable nor unlawful. The application is, in all respects, denied, and the petition is dismissed.