■ In the Matter of HARRY PON et al., Respondents, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered December 17, 1969 in Kings County, which granted petitioners' application, in a proceeding under CPLR article 78, to annul the determination of the Administrative Board of the Judicial Conference that petitioners were not eligible to take the promotion examination for Court Clerk II and directed that if they successfully qualify under the exam they are entitled to future appointments before any others are promoted to that position from any other court. This appeal has been transferred from the Appellate Division, Second Department. Petitioners were court officers or attendants in the Supreme and County Courts of Kings County prior to September 1, 1962, the effective date of the unification of the Supreme and County Courts. All court attendants in

the County Court of Kings County were thereby merged with Supreme Court officers of the Supreme Court. Under a title structure adopted by the Administrative Board of the Judicial Conference in June of 1965, effective July 1, 1966, petitioners became senior court officers. The unlimited position of Clerk Grade B was reclassified into Court Clerk I and Court Clerk II. Senior court officers became eligible to take the promotional step to Court Clerk I, and the newly classified Court Clerks I were eligible to take promotion exam for Court Clerk II. In September of 1969 the first competitive promotion exam for Court Clerk II was announced and petitioners applied to take that exam, but were rejected on the ground that they were eligible only for promotion to Court Clerk I. We hold, initially, that the proceeding is not barred by the Statute of Limitations. The statute ran from respondent's refusal to allow petitioners to take the Court Clerk II exam, and the proceeding was commenced within the time limited therefor. It is clear that prior to September, 1962, the Civil Service Commission had authority to reclassify the unlimited position of Clerk Grade B into new grades equivalent to duties actually being performed. (*Matter of Mandle* v. *Brown*, 5 N Y 2d 51.) The new grades having been established, any employee not having theretofore actually performed the duties of a new grade, cannot be assigned to it without further examination. (*Matter of Green* v. *Lang*, 18 N Y 2d 437, 442.) Under the classification plan effective July 1, 1966 the unlimited position of Clerk Grade B was reclassified under a " conversion formula " to the title of Court Clerk I, unless the employee had performed higher level services in which case he was reclassified to the title of Court Clerk II. All Clerks Grade B were not entitled to be classified in title Court Clerk II. (See *Matter of Kalichstein* v. *McCoy*, 23 N Y 2d 978.) Those classified as Court Clerk I were required to take promotion exam for Court Clerk II. Likewise, petitioners having no greater rights than the reclassified Court Clerks I, are eligible for promotion only to Court Clerk I. In our opinion, the provisions of the Constitution and statutes relied on by petitioners do not preserve such broad rights as to guarantee a promotional opportunity which existed prior to September 1, 1962. Judgment reversed, on the law and the facts, without costs, and petition dismissed. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.