■ In the Matter of Loula Matsa, Respondent, v. Morton B. Wallach, as Director of Brooklyn State Hospital, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered July 20, 1972 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for an order directing respondents to reinstate petitioner to the position of Psychiatric Social Work Supervisor II. For a number of years through November 25, 1970, petitioner was employed as a Psychiatric Social Worker at Creedmoor State Hospital under the jurisdiction of the respondent Department of Mental Hygiene. Some time prior to November 25, 1970, petitioner participated in an open competitive examination for the position of Psychiatric Social Work Supervisor II or III. Having passed the exam and consequently having been found qualified, she was assigned on November 26, 1970 to the position of Psychiatric Social Work Supervisor II at Brooklyn State Hospital. After a probationary period of 26 weeks, petitioner was advised by letter that she was being dismissed effective May 26, 1971 for unsatisfactory performance. It appears that petitioner was then restored to her prior permanent position as Psychiatric Social Worker. Within four months of her dismissal, petitioner instituted this proceeding, seeking reinstatement to the position of Supervisor II. It was urged before Special Term that petitioner was subject to a probationary term of only 12 weeks, and that since she was retained beyond the 12-week period, her position became permanent pursuant to the Rules of the Civil Service (4

NYCRR 4.5 [a] [3]). It was also urged that her dismissal was made in bad faith and thus was arbitrary and capricious. Special Term did not reach the latter issue, holding that petitioner had received an interinstitutional promotion for which the proper probationary period was 12 weeks, and since she had not thereafter been dismissed, her position became permanent and she was entitled to the requested relief. In our view, Special Term erred. The rules define an "interinstitutional promotion" as "a promotion * * * from a position in one State institution to a position in another State institution in the same department" (4 NYCRR 4.5 [c] [2]). Before this definition applies, however, it must be determined that an employee has in fact received a promotion rather than an original appointment, and on the record before us there is no basis for such a finding. Petitioner admits in her moving papers that she took an open competitive exam. By contrast, in order to have qualified for promotion, petitioner would have been required to have served one year as a Supervisor I. Petitioner had no prior service in this capacity. It is urged that petitioner's assignment must be deemed to have been a promotion under subdivision 9 of section 52 of the Civil Service Law since she received a salary increase. This contention must be rejected. The purpose of subdivision 9 of section 52 is to prevent favored but unqualified employees from receiving salary increases without having received lawful promotions. By declaring that such salary increases shall be "deemed" promotions, the Legislature has effectively invalidated any such increase where the prerequisites for promotion have not been fulfilled. It must, therefore, be concluded that petitioner received an "appointment from an open competitive list" subject to a probationary term "of not less than eight nor more than 26 weeks" (4 NYCRR 4.5 [a] [1]). Normally, an appointment becomes permanent upon completion of the minimum period of probation, but the probationer may be given written notice that the probation will be continued (4 NYCRR 4.5 [a] [3]). The record reveals that prior to the last day of the eighth week, petitioner received a copy of a probation report indicating that probation was to be continued. There was thus sufficient compliance with the notice requirement, and petitioner was properly kept on probation for 26 weeks and did not acquire permanency. Since petitioner was still on probation, she was subject to dismissal without the necessity of filing charges and conducting a hearing if the determination to dismiss her was made in good faith (*Matter of Rosenberg* v. *Wickham,* 36 A D 2d 881). Special Term, as noted, did not pass on this issue, but our examination of the record reveals nothing in support of petitioner's contention that she was discriminated against and that, therefore, her dismissal was arbitrary or capricious. There is evidence as to petitioner's performance being less than satisfactory and a dismissal upon that basis cannot be said to have been made in bad faith (*Matter of Gordon* v. *State Univ. of N. Y. at Buffalo,* 35 A D 2d 868, affd. 29 N Y 2d 684). Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.