■ In the Matter of BRUCE CAMPBELL et al., Petitioners-Respondents, v RICHARD J. BARTLETT, as State Administrative Judge, Appellant, et al., Respondents. —In a proceeding pursuant to CPLR article 78 to compel the respondent State Administrative Judge to remove certain names from an eligible list for appointment to the position of Court Clerk I in the Supreme Court, Queens County, the said respondent appeals, as limited 20, 1975, as (1) annulled his certification of the eligible list in question and (2) remitted the matter to the Administrative Board of the Judicial Conference for the certification of a new eligible list to include only the names of those successful candidates on the examination of June 16, 1973 who occupied an appropriate lower title position in the Supreme Court, Queens County, on or before May 18, 1973. Judgment reversed insofar as appealed from, on the law, without costs, and proceeding dismissed on the merits. No fact issues have been raised or considered on this appeal. As a result of former Governor Rockefeller's emergency drug control program (L 1973, chs 276, 277, eff Sept 1, 1973; cf. L 1973, ch 603, §§ 6, 7) the Administrative Board of the Judicial Conference was faced with the need to fill an increased number of openings in the position of Court Clerk I in various promotion units, including the Supreme Court, Queens County. In order to fill the unusually large number of these openings, the board announced a competitive promotion examination to be held on June 16, 1973 for the position of Court Clerk I in these various specified courts or promotion units. The announcement was amended so as to extend eligibility for taking the examination to include, *inter alia,* those candidates who, on the closing date for filing applications for the examination (May 18, 1973), occupied an appropriate lower title in any of the courts or promotion units specified in the announcement. As of the May 18, 1973 closing date, petitioners and respondent Dowd were employed in the Supreme Court, Queens County, respondent Greenberg in the Supreme Court, Kings County, and the remaining individual respondents in the Criminal Court of the City of New York. They were all employed in a competitive class position on a permanent basis in a lower title in the direct line of promotion to Court Clerk I and were therefore clearly eligible to take the June 16, 1973 examination (see 22 NYCRR 25.13 [j] [1]). Having passed the examination and met the standards prescribed, they were eligible for appointment to the position for which examined and were entitled to have their names entered on the eligible list in the order of

their final rating (22 NYCRR 25.13 [1]). Through clerical oversight, their names were omitted from the original eligible list, and the board properly (see *People ex rel. Finnegan v McBride,* 226 NY 252, 258–259) corrected the error by certifying an amended list containing their names. It is this list which Special Term annulled on the ground that the board improperly conducted a single city-wide examination, thus permitting some candidates to subsequently qualify for the unit eligible list for the Supreme Court, Queens County, for which list they could not have qualified had separate examinations been held for each of the courts or promotion units involved. This determination by Special Term was error. Section 52 of the Civil Service Law and the board's rule 25.15 (22 NYCRR 25.15, subd [a]) both provide that vacancies in positions in the competitive class shall be filled, *as far as practicable,* by promotion from within the unit in which the vacancies occur. Here, there were not enough qualified personnel in the Supreme Court, Queens County, to fill the unexpectedly large number of vacancies in the position of Court Clerk I in that court. It was therefore not practicable to fill these vacancies by promotions from within the unit and, consequently, the board was no longer obligated to do so (see Civil Service Law, § 52; 22 NYCRR 25.15 [a]). The amended announcement of the examination also extended eligibility for appointment to those successful candidates who had one year of current, permanent competitive-class service (commencing not later than six months after the date of the examination) in an appropriate lower title in any of the courts or promotion units specified in the announcement. These promotion units included the Supreme Court, Kings County, the Supreme Court, Queens County, and the Criminal Court of the City of New York. The individual respondents met this requirement since they all passed the examination and, by September 1, 1973 (well within the six-month deadline), were employed in the Supreme Court, Queens County, in the title of Senior Court Officer. This was an appropriate lower title in the direct line of promotion to the position of Court Clerk I, as shown by the board's promotion lines chart for the Supreme Court, Queens County. The inclusion of the names in question on the amended eligible list satisfied all requirements as to qualifications for promotion (cf. Civil Service Law, § 52; 22 NYCRR 25.15 [a]). It follows, therefore, that the certification of the eligible list under review was proper and should not have been annulled. The proceeding should therefore be dismissed. Hopkins, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.