■ In the Matter of RALPH H. HEWLETT et al., Respondents-Appellants, v HERBERT B. EVANS, as Chief Administrative Judge of the Courts of the State of New York, Appellant-Respondent, and ROBERT M. POPE, Individually and as President of the Court Officers Benevolent Association of Nassau County, Intervenor-Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondent Chief Administrative Judge (1) to grant petitioners permanent status for the positions currently held by them on a provisional or temporary basis, (2) to limit eligibility for certain promotional examinations to Surrogate's Court employees, and (3) to make petitioners eligible for such promotional examinations, the cross appeals are from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered July 16, 1980, which dismissed the petition, "except insofar as each petitioner shall be entitled to compete in the promotional examination for permanent status in the title in which they are currently employed." Judgment modified, on the law, by deleting therefrom all language after the word "dismissed", and substituting therefor the following: "except the respondent Chief Administrative Judge is directed to appoint petitioners on a permanent competitive basis to the positions currently held by them on a provisional or temporary basis". As so modified, judgment affirmed, without costs or disbursements. The 10 named petitioners are nonjudicial employees of the Surrogate's Court in Nassau County. Eight of the employees hold their present position by provisional appointment and the other two by temporary appointment. Each of the petitioners, except Flynn, held a lower position by permanent appointment, and was provisionally or temporarily promoted. On or about September 10, 1979 the Office of Court Administration announced State-wide promotional examinations for the positions of Principal Surrogate's Court Clerk and Associate Surrogate's Court Clerk, as well as an open-competitive examination for the latter title. The promotional examinations required candidates to have been employed in the Surrogate's Court on a permanent competitive basis for a period of one year, as of October 15, 1979, in the position one step down in the promotion ladder, or, alternatively, to have been employed in a comparative position in another court in the unified system (i.e., a collateral line). The appeal is academic as to petitioner Hewlett, since he has been granted the relief sought, i.e., permanent appointment as a Principal Surrogate's Court Clerk. The other petitioners are entitled to permanent competitive status in their current titles, pursuant to chapter 846 of the Laws of 1980 (eff July 1, 1980), since they have served in such positions for at least one year prior to that law's effective date. Petitioners Cannataro, Wilkins, Ryan,

Stevens and Flynn also seek to qualify for promotional examinations for higher titles. They contend (1) that the field of promotion should not have been broadened so as to include collateral lines within the Unified Court System and (2) that the field of promotion should have been extended to Surrogate's Court employees with titles more than one grade below those for which the examinations were given. Subdivision 1 of section 52 of the Civil Service Law provides that vacancies shall be filled, as far as practicable, by promotion of persons holding lower grade positions in the direct line of promotion. However, the Administrative Judge may extend eligibility for promotion to related or collateral lines of promotion. This extension of eligibility should not be interfered with, if fairly exercised (see *Mills v Bahou,* 55 AD2d 57). Since the Administrative Judge reasonably found that it was necessary to create a larger pool of potential applicants, he may, within his discretion, broaden the competitive class (see *Matter of Campbell v Bartlett,* 49 AD2d 762; *Matter of Dahlem v Leonard,* 51 AD2d 723). He has determined, with support in the record, that the nature of the work is such that prior court experience, on collateral lines, in any court would be sufficient qualification for Surrogate's Court clerk titles, and that prior experience in the Surrogate's Court was not necessary. As to the contention that Surrogate's Court employees more than one step below the promotional title should have been included within the field of promotion, the decision of the Administrative Judge to confine eligibility in such manner was not arbitrary or capricious (see *Matter of Gerity v Bronstein,* 53 AD2d 814). In our view, the eligibility requirements must be upheld, as a proper exercise of discretion (see, e.g., *Matter of Suffolk County Ct. Employees Assn. v Office of Ct. Admin. of State of N.Y.,* 102 Misc 2d 837). Chapter 846 of the Laws of 1980 was effective on July 1, 1980. Its exclusively prospective operation must be presumed, absent an expressed intention to the contrary, which is not present here. (See *Harradine v Board of Supervisors of Orleans County,* 73 AD2d 118; McKinney's Cons Laws of NY, Book 1, Statutes, § 51.) Petitioners Cannataro, Wilkins, Ryan, Stevens and Flynn, therefore, were ineligible for the promotional examinations held on November 17, 1979, since their provisional time could not be used to fulfill promotional examination requirements (see *Matter of Maloney v Nassau County Civ. Serv. Comm.,* 46 NY2d 1003; *Matter of Dinda v Keyes,* 58 AD2d 810; *Matter of Canava v Keyes,* 62 AD2d 997). They were only appointed provisionally at the time of the promotional examination announcements, and, thus, did not meet the requirements for eligibility. Lazer, J.P., Mangano, Gibbons and Margett, JJ., concur.