◼ In the Matter of CARL CARBONARO et al., Appellants, v VICTOR BAHOU et al., Constituting the New York State Civil Service Commission, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered March 1, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul an open competitive examination administered on June 20, 1981. On March 20, 1981, respondent New York State Department of Civil Service (hereinafter department) announced an interdepartmental promotion examination for the position of "Associate Personnel Administrator" which was open to all qualified employees of the State of New York. Shortly thereafter, on April 3, 1981, the department announced an open competitive examination for the same position which was open to persons meeting certain qualifications, but not to persons eligible to take the promotional examination. Both examinations were administered on June 20, 1981, and petitioners qualified for and took the promotional examination. In the instant proceeding, petitioners allege that the promotional examination which they took was far more difficult than the open competitive examination which they were prohibited from taking, and consequently, they further contend that the department acted in an arbitrary and capricious manner by administering examinations of such widely divergent degrees of difficulty for the same position. Accordingly, they sought at Special Term a judgment annulling and voiding the open competitive examination and any eligibility list resulting therefrom, and for their part respondents moved to dismiss the petition on the ground that petitioners had failed to exhaust their administrative remedies. Finding respondents' argument persuasive, the court ultimately granted their motion to dismiss, and the present appeal ensued. We hold that the challenged judgment should be affirmed. Nothing in the record indicates that petitioners have appealed to the Civil Service Commission under subdivision 5 of section 6 of the Civil Service Law with regard to their complaints about the subject examinations. Clearly, the series of letters on this matter which they sent to respondent Bahou, the president of the Civil Service Commission, does not constitute such an appeal and the record is devoid of any evidence that the entire commission has considered and ruled upon the subject matter of this proceeding. Moreover,

while respondent Bahou has indicated by letter that he was personally unimpressed with petitioners' arguments, this fact certainly does not establish that an appeal to the entire commission would be futile. Given all these circumstances, Special Term's dismissal of the petition was entirely proper and should not be disturbed (*Matter of Koupash v Bahou,* 85 AD2d 795, app dsmd 55 NY2d 1036, mot for lv to app den 56 NY2d 503). Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.