■ In the Matter of PAMELA LUHRS, Respondent, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission dated August 26, 1987, which disqualified the petitioner from taking a civil service promotional examination for the position of special investigator II in the office of the Nassau County District Attorney, the appeal is from a judgment of the Supreme Court, Nassau County (Brucia, J.), entered July 7, 1988, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, and the proceeding is dismissed on the merits.

The Supreme Court erred in granting the petition since it is within the discretion of the appellant Nassau County Civil Service Commission (hereinafter the Commission) to fix the "minimum period of [permanent] service for eligibility to enter a promotion examination and * * * [the] minimum period of such service as a qualification for promotion from the resulting eligible list" (4 NYCRR 3.3 [a]). The period of six months' permanent service fixed in the instant case cannot be

said to be an improvident exercise of the Commission's statutory discretion (see, Matter of Dinda v Keyes, 58 AD2d 810). Also, since the designation of the minimum period of permanent service is within the discretion of the Commission, its refusal to regard provisional service as equivalent to permanent service is not per se improper (see, Civil Service Law § 52 [10]; Matter of Canava v Keyes, 62 AD2d 997). Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.