■ In the Matter of LILA ENGOREN, Appellant, v COUNTY OF NASSAU et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Probation Department terminating the petitioner's employment as a Probation Officer Trainee or, in the alternative, to compel the respondent County of Nassau and County of Nassau Department of Social Services to reinstate the petitioner to her former position as Caseworker I, the petitioner appeals from a judgment of the Supreme Court,

Nassau County (Murphy, J.), entered February 21, 1989, which denied the application and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, a permanent employee of the County of Nassau Department of Social Services, resigned her position as Caseworker I effective August 15, 1985, in order to accept employment as a Probation Officer Trainee with the Nassau County Probation Department. Vacancies for this competitive class trainee position are appointed from an eligible list of candidates who have successfully passed an open competitive examination. Probation Officer Trainees must satisfactorily complete a probationary term before attaining permanent employee status as Probation Officer I. During her probationary term, the Probation Department terminated the petitioner's employment as Probation Officer Trainee and the Department of Social Services denied her request for reinstatement to her former position as Caseworker I. Thereafter, the petitioner commenced this proceeding seeking to vacate the determination of the Department of Probation terminating her employment as arbitrary and capricious and, alternatively, to compel the Department of Social Services to reinstate her to the position of Caseworker I.

It is firmly established that the termination of employment of a probationary employee without a statement or a hearing must be upheld unless there is a demonstration that the dismissal was violative of the Constitution, illegal, or made in bad faith *(see, Matter of York v McGuire*, 63 NY2d 760, 761, *affg* 99 AD2d 1023; *Matter of Dozier v New York City*, 130 AD2d 128, 139). The petitioner's conclusory and unsubstantiated allegations that her termination was attributable to age, sex and religious discrimination were insufficient to sustain her burden *(see generally, Matter of Talamo v Murphy*, 38 NY2d 637; *Matter of Jessamy v Fernandes*, 145 AD2d 486; *Matter of York v McGuire*, 99 AD2d 1023, *affd* 63 NY2d 760), inasmuch as these allegations fail to raise genuine factual issues as to the unconstitutionality or arbitrariness of the termination *(see, Matter of Jessamy v Fernandes, supra; cf., Matter of Miciotta v McMickens*, 118 AD2d 489). Upon a review of this record, we find that the court properly determined that the respondent Probation Department acted in good faith in terminating the petitioner's probationary employment on the basis of unsatisfactory performance, which is evidenced, in part, by the petitioner's letter of August 27, 1986, to the Director of Probation, acknowledging that she

was suffering from great stress that adversely impacted upon her work performance *(see, Matter of Gordon v State Univ.,* 35 AD2d 868, *affd* 29 NY2d 684; *see also, Matter of Matsa v Wallach,* 42 AD2d, 1004, 1005, *affd* 34 NY2d 891). Furthermore, the petitioner is not entitled to a name clearing hearing, since there was no proof that the respondents created and disseminated a false and defamatory impression regarding the reason for her discharge *(Matter of Lentlie v Egan,* 61 NY2d 874; *Matter of Jessamy v Fernandes, supra).*

Nor does the petitioner have any statutory right under Civil Service Law § 63 (1) or under the implementing rules for the Classified Civil Service *(see,* 4 NYCRR 4.5 [c]) to be reinstated to her former position as Caseworker I with the Department of Social Services.

Civil Service Law § 63 (1), provides that "[w]hen probationary service is required upon promotion [including an interdepartmental promotion], the position formerly held by the person promoted shall be held open for him and shall not be filled, except on a temporary basis, pending completion of his probationary term". Rule 4.5 (d) of the Classified Civil Service Rules provides that: "[w]hen a permanent employee is promoted or transferred to a position in which he is required to serve a probationary term, the position thus vacated by him shall not be filled, except on a temporary basis, during such probationary term. At any time during such probationary term the employee shall have the right, upon reasonable notice, to return to his previous position at his own election. If the conduct or performance of the probationer is not satisfactory, he shall be restored to his former permanent position at the end of this probationary term" (4 NYCRR 4.5 [d]). The aforenoted provisions furnish job security to a permanent employee who is *transferred* or *promoted* to a position in which he or she is required to serve, but does not satisfactorily complete, a probationary term. Neither the statutory provision nor the implementing rule is applicable to the petitioner, because she was not transferred or promoted to the position of Probation Officer Trainee.

The term "transfer" is defined as "the change, *without further examination,* of a permanent employee from a position under the jurisdiction of one appointing authority to a position under the jurisdiction of another appointing authority or to a position in a different title in the same or a higher salary grade under the jurisdiction of the same appointing authority" (4 NYCRR 1.2 [b] [1] [emphasis supplied]). The petitioner had to successfully pass an open-competitive examination to be

included on the eligible list of candidates for appointment to the position of Probation Officer Trainee. Consequently, her change of positions was not a transfer.

The petitioner urges that her assignment as Probation Officer Trainee must be deemed to have been a promotion because probation officers employed by the Department of Probation receive a higher salary than caseworkers employed by the Department of Social Services for comparable services and that this salary differential motivated her acceptance of the position of Probation Officer Trainee. We disagree.

It is undisputed that the petitioner did not advance to a higher grade, since she was a Grade 11 at the time she voluntarily resigned her job as Caseworker I and became a Grade 10 upon her appointment as a Probation Officer Trainee. Not every increase in compensation constitutes a promotion under Civil Service Law § 52 (9) which provides that an increase in the salary or other compensation of any person holding a competitive class position, "beyond the limit fixed for the grade in which such office or position is classified, shall be deemed a promotion". The purpose of the provision was to prevent favored but unqualified employees from receiving salary increases without having received lawful promotions. "By declaring that such salary increases shall be 'deemed' promotions, the Legislature has effectively invalidated any such increase where the prerequisites for promotion have not been fulfilled" *(Matter of Matsa v Wallach,* 42 AD2d, *supra,* at 1005).

Here, it is noteworthy that the petitioner took an open-competitive examination and not a promotional examination *(see generally,* Civil Service Law § 52; *see, e.g., Matter of Burke v Sugarman,* 35 NY2d 39; *Matter of Campbell v Bartlett,* 49 AD2d 762; *Matter of Pon v McCoy,* 38 AD2d 608, *affd* 30 NY2d 902),* for the position of Probation Officer Trainee *(see, Matter of Matsa v Wallach, supra).* Nor is there any evidence in the record that an open-competitive examination was conducted in lieu of or simultaneously with a promotional examination, pursuant to Civil Service Law § 51 *(see, e.g., Matter of Hewlett v Evans,* 82 AD2d 920; *see also, Matter of Carbonaro v Bahou,* 92 AD2d 1055). In order to be eligible to take an examination for promotion or to receive a promotion, a person must have been employed in a competitive class position on a permanent basis in a lower grade, either in direct line of promotion or in a related or collateral line of promotion, where it is impracticable to limit eligibility for promotion to persons holding lower grade positions in direct line of promotion *(see,* Civil

Service Law § 52 [1]; 4 NYCRR 3.3 [a]; *see, e.g., Matter of Valdes v Krone,* 28 AD2d 748, *affd* 21 NY2d 934). Moreover, the Nassau County Civil Service Commission has the discretion to fix the minimum period of such permanent service for eligibility to enter a promotion exam and as a qualification for promotion from the resulting eligible list *(see, Matter of Luhrs v Nassau County Civ. Serv. Commn.,* 150 AD2d 778; *see also,* 4 NYCRR 3.3 [a]). The petitioner has neither alleged nor proffered any proof that her prior service in the capacity of Caseworker I with the Department of Social Services qualified her for an interdepartmental promotion to the position of Probation Officer Trainee.

On the record before us, there is no basis for finding that the petitioner has, in fact, received a promotion rather than an original appointment to the position of Probation Officer Trainee *(see, Matter of Matsa v Wallach,* 42 AD2d 1004, *supra).* The petitioner voluntarily divested herself of permanent employment with the Department of Social Services when she resigned to accept an initial appointment to the position of Probation Officer Trainee with the Department of Probation *(see, Matter of Rover v State Civ. Serv. Commn.,* 43 Misc 2d 858). Since the petitioner was neither transferred nor promoted within the meaning of Civil Service Law § 63 and 4 NYCRR 4.5 (d), the court properly concluded that the Department of Social Services had no obligation to reinstate the petitioner to her former position as Caseworker I. Brown, J. P., Kooper and Rubin, JJ., concur.

Harwood, J., concurs in part and dissents in part and votes to modify the judgment appealed from by granting that branch of the petition which was to compel the respondents County of Nassau and County of Nassau Department of Social Services to restore the petitioner to her former permanent position of Caseworker I, with the following memorandum: The petitioner has been employed by the respondent County of Nassau through various of its agencies since 1973. In 1978, she began employment as a caseworker with the respondent County of Nassau Department of Social Services and thereafter achieved permanent status in that position. For a short period in 1979-1980, she worked at the Nassau County Youth Board but, without difficulty and pursuant to her request, she resumed employment as a Caseworker I at the respondent Department of Social Services, where she remained until 1985 when she took and passed an open competitive examination for the position of Probation Officer Trainee with the respondent Nassau County Probation Department.

In August, 1985, the petitioner was appointed to the position of Probation Officer Trainee for which she earned a considerably higher salary than as a Caseworker I and for which she was to have been on probationary status for a period of two years. However, the petitioner evidently had difficulty adjusting to the strain of her new duties. By letter dated June 13, 1986, within one year of her assumption of the position of Probation Officer Trainee, the petitioner requested that she be reinstated to the position of Caseworker I, which request was denied by the Department of Social Services by letter dated June 20, 1986. By letter dated June 26, 1986, the petitioner was advised that her employment as Probation Officer Trainee would be terminated effective July 31, 1986. This proceeding ensued.

I agree with the majority that the petitioner, who did not have permanent status as a Probation Officer so as to prohibit her discharge from that position except for cause (see, Civil Service Law § 75; see also, Matter of Matsa v Wallach, 42 AD2d 1004, affd 34 NY2d 891), failed to come forward with facts sufficient to support her claim that termination of her employment as a Probation Officer Trainee was premised upon her age, sex or other impermissible discriminatory motive (see, Matter of Montero v Lum, 68 NY2d 253; Matter of York v McGuire, 63 NY2d 760; Matter of Bergamini v Manhattan & Bronx Surface Tr. Operating Auth., 62 NY2d 897). It is my view, however, that upon discontinuance of her employment as a Probation Officer Trainee during the probationary term of that employment, the petitioner should have been restored to her former permanent position as a Caseworker I (cf., Matter of Matsa v Wallach, supra).

Civil Service Law § 63 provides in pertinent part that "[w]hen probationary service is required upon promotion, the position formerly held by the person promoted shall be held open for him and shall not be filled, except on a temporary basis, pending completion of his probationary term". Moreover, rule 4.5 of the classified Civil Service Rules provides in pertinent part that: "[w]hen a permanent employee is promoted or transferred to a position in which he is required to serve a probationary term, the position thus vacated by him shall not be filled, except on a temporary basis, during such probationary term. At any time during such probationary term the employee shall have the right, upon reasonable notice, to return to his previous position at his own election. If the conduct or performance of the probationer is not satisfactory, he shall be restored to his former permanent position at

the end of this probationary term" (4 NYCRR 4.5 [d]; *cf.,* 4 NYCRR 4.10). I agree with the majority that, inasmuch as the petitioner was required to pass an examination before being eligible for the position of Probation Officer Trainee, her assumption of that position was not a "transfer" as defined in the regulations *(see,* 4 NYCRR 1.2 [b] [1]). I do not, however, agree that the Probation Officer Trainee position is not a "promotion" over the lower-paying Caseworker I position.

Unlike the term "transfer" *(see,* 4 NYCRR 1.2 [b] [1]), the term "promotion" as used in the statute (Civil Service Law § 63) and rule (4 NYCRR 4.5 [d]), has not been confined to a precise definition. While it may be that not all increases in salary constitute promotions *(cf.,* Civil Service Law § 52 [9]), not all changes in job status need be by direct line or promotional exam *(cf., Matter of Hewlett v Evans,* 82 AD2d 920) in order to constitute a "promotion" within the meaning of a statute and regulatory scheme obviously intended to afford permanent employees job security, notwithstanding unsuccessful attempts to achieve permanent status in more prestigious, higher paying civil service jobs with more responsibility. I am concerned that the majority's interpretation of Civil Service Law § 63 and the implementing rule (4 NYCRR 4.5 [d]) will negatively affect efforts by civil service employees to improve their status at work. I conclude that the petitioner's appointment, after the successful completion of a qualifying examination, as Probation Officer Trainee, with its increased salary, greater prestige, and augmented responsibility, operated as a promotion *(cf., Matter of Pavone v Barclay,* 110 AD2d 758, *affd* 66 NY2d 746) within the meaning of Civil Service Law § 63 and the implementing rule so as to entitle the petitioner to restoration to her prior permanent position when her attempts at advancement within the civil service system proved unsuccessful.

Although the majority accepts the respondents' assertion that the petitioner "resigned" her position as Caseworker I, no documentation supports that characterization of her change in employment. But even if that were the case, the respondents offer no explanation for their failure to "reinstate" the petitioner pursuant to 4 NYCRR 5.4, which provides in pertinent part: "[a] permanent employee who has resigned from his position may be reinstated, without examination, within one year from the date of such resignation in the position from which he resigned, if then vacant, or in any vacant position to which he was eligible for transfer or reassignment". It is not, in my opinion, necessary to reach the issue of whether the

respondents had discretion to deny reinstatement pursuant to 4 NYCRR 5.4 even where the prior position remains vacant and, if so, whether they abused that discretion here. But the enactment of this rule is indicative of an intent to afford a measure of job security to even those permanent employees who leave the system. By refusing without comment to restore or reinstate the petitioner to her prior permanent position, the respondents County of Nassau and County of Nassau Department of Social Services have interfered with the petitioner's earned entitlement to job security as a Caseworker I, a failing which I would remedy by appropriate modification of the judgment appealed from.