■ IKE BROOME, JR., Appellant, v SUSAN B. KEENER et al., Respondents. [654 NYS2d 618] —In an action pursuant to Executive Law § 296 and Civil Service Law § 75, *inter alia,* to recover damages for race discrimination in employment, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Green, J.H.O.), entered April 3, 1996, which dismissed the complaint. The plaintiff's notice of appeal from a decision and order (one paper) of the Supreme Court, Orange County (Green, J.H.O.), dated October 24, 1995, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The instant action was brought under the New York Human Rights Law (Executive Law § 290 *et seq.*) and Civil Service Law § 75 alleging, *inter alia,* that the plaintiff was deprived of appointment to permanent status and was terminated from his position with the Orange County Department of Residential Health Care Services (hereinafter RHCS) as a result of discrimination based on his race. The case was tried before a Judicial Hearing Officer, who found in favor of the defendants and dismissed the complaint. We affirm.

We discern no basis for disturbing the Supreme Court's determination that the defendants rebutted the plaintiff's prima facie case of race discrimination, and that the plaintiff failed to demonstrate that the reasons advanced by the defendants for the termination were merely pretextual (*see, Texas Dept. of Community Affairs v Burdine,* 450 US 248, 252-253; *Sogg v American Airlines,* 193 AD2d 153, 155-156). Several members of the Executive Staff of RHCS, including its commissioner, who had frequent contact with the plaintiff, testified that the plaintiff was both ill-prepared for meetings and inattentive, that he failed to participate in discussions, had difficulty communicating and sharing information, and was generally unable to function as a team member of the work force. While the plaintiff produced three witnesses who testified in general terms about his efficient and professional managerial style, he offered no evidence beyond bare unsubstantiated assertions of any animus toward him because of his race (*see, Matter of En-*

*goren v County of Nassau,* 163 AD2d 520, 521). The plaintiff also completely failed to show any nexus between the anecdotal testimony of two employees regarding stray discriminatory remarks by nonmanagerial employees and the commissioner's decision to discharge him. Indeed, all of those incidents occurred approximately three years prior to the plaintiff's employment with RHCS. The plaintiff demonstrated that an employment decision adverse to him was made under conditions establishing the minimal prima facie case needed to shift the burden of production to his employer (*see, Wallis v Simplot Co.,* 26 F3d 885, 892). However, after the defendants presented their case, the plaintiff's evidence was insufficient to prove, by a preponderance of the evidence, that the stated premise for his discharge was only a pretext for underlying discrimination.

We have considered the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.