OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether respondents were required to hold open petitioner’s previous permanent civil service position as a Contract Specialist in the New York City Community Development Agency while she completed her probationary period as a Staff Analyst, a title she obtained through an open competitive examination. We conclude that they were not.
 

 Petitioner Earlene Bethel started working for the City of New York in 1969. In May 1990, she received the civil service title of Contract Specialist Level II within the Community Development Agency (CDA).
 
 *
 
 In June 1993, petitioner responded to a CDA notice of examination for a position as a Staff Analyst, which was open to all persons regardless of whether they were employed by the City of New York. In July 1994, after passing the examination, petitioner received a provisional appointment to Staff Analyst pending certification of the civil service list for the position to the Human Resources Administration (HRA). Petitioner subsequently applied for and was granted a leave of absence from her permanent position as Contract Specialist.
 

 In April 1995, the civil service list was certified to HRA and petitioner was appointed to a probationary Staff Analyst position. Pursuant to the Rules of the City of New York (55 RCNY Appendix A 5.2.1 [a]), her probationary period was to last one year. After commencement of her probationary term, HRA
 
 *11
 
 informed petitioner that leave from her permanent title of Contract Specialist II was canceled. Petitioner did not object to this change in status.
 

 In December 1995, while still on probation as a Staff Analyst, petitioner committed several acts of insubordination in violation of the terms of her probation. As a result, by letter dated January 11, 1996, CDA terminated her services as a Staff Analyst. Petitioner subsequently requested reinstatement to her former position of Contract Specialist pursuant to City Personnel Rule (55 RCNY Appendix A) 6.2.7. When CDA refused, petitioner commenced this CPLR article 78 proceeding against CDA, HRA and the City of New York (collectively, respondents), challenging their decision to deny her request for reinstatement as arbitrary and capricious, and as violative of the Applicant Guidelines. She further argued that her termination without notice and a hearing contravened Civil Service Law § 75 because she was a permanent employee.
 

 Supreme Court denied the petition and dismissed the proceeding, concluding that as a probationary employee, petitioner was not entitled to notice and a hearing before termination under Civil Service Law § 75. The court further concluded that leave from her former permanent position as Contract Specialist was properly canceled and that petitioner was not entitled to automatic reinstatement pursuant to Civil Service Law § 63 (1) and City Personnel Rule (55 RCNY Appendix A) 5.2.3.
 

 On petitioner’s appeal, the Appellate Division unanimously reversed, on the law, and granted the petition to the extent of remanding the matter to respondents for a hearing pursuant to Civil Service Law § 75 (1) (a). The Court held that respondents abused their discretion by canceling petitioner’s leave of absence from her former position without a hearing, thereby divesting petitioner of her permanent employee status. This Court granted respondents’ motion for leave to appeal.
 

 As an initial matter, petitioner argues that this appeal should be dismissed for lack of jurisdiction because respondents challenge the Appellate Division’s holding that respondents abused their discretion in failing to reinstate petitioner. This argument is without merit. It is well settled that this Court is vested with the authority to review agency determinations insofar as an abuse of discretion is alleged
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 232). Moreover, contrary to petitioner’s averments that the Appellate Division’s decision
 
 *12
 
 rested on its interest of justice jurisdiction, this appeal raises the legal question of whether plaintiff received a “promotion,” as that term is used in the Civil Service Law.
 

 Turning to the merits of the appeal, Civil Service Law § 63 (1) provides that “[w]hen probationary service is required upon promotion, the position formerly held by the person promoted shall be held open for him and shall not be filled, except on a temporary basis, pending completion of his probationary term.” Classified Civil Service Rule (4 NYCRR) 4.5 (e), the corresponding regulation, provides that when a permanent employee is promoted to a position where he or she is required to serve a probationary term, the position vacated may not be permanently filled during the term of probation. During such probationary term, the employee shall have the right to return to the previous position at his or her own choice
 
 (see also,
 
 City Personnel Rule [55 RCNY Appendix A] 5.2.3).
 

 Civil Service Law § 63 and the corresponding rules “furnish job security to a permanent employee who is
 
 transferred
 
 or
 
 promoted
 
 to a position in which he or she is required to serve, but does not satisfactorily complete, a probationary term”
 
 (Matter of Engoren v County of Nassau,
 
 163 AD2d 520, 522,
 
 lv denied 77
 
 NY2d 805 [emphasis in original]). According to the plain words of the statute and rules, however, the provisions apply only to employees either “promoted or transferred to a position in which he is required to serve a probationary term” (Classified Civil Service Rule [4 NYCRR] 4.5 [e]). Plaintiff concedes she was not “transferred.” We conclude she was not “promoted” either.
 

 Although the term “promotion” is not explicitly defined in the Civil Service Law, the law clearly distinguishes between open competitive examinations and promotional examinations. Specifically, Civil Service Law § 51 (1) states that “the state civil service department or appropriate municipal commission may determine to conduct an open competitive examination for filling a vacancy or vacancies instead of a promotion examination.” Subdivision (3) further articulates a process by which an employee may request that a promotional examination, rather than an open competitive examination, be administered to fill any existing vacancy within an agency.
 

 Promotional examinations, on the other hand, are governed by the detailed provisions of Civil Service Law § 52. Subdivision (1), for example, states that “[e]xcept as provided in section fifty-one, vacancies in positions in the competitive class
 
 *13
 
 shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission”
 
 (see also,
 
 City Personnel Rule [55 RCNY Appendix A] 5.3.3).
 

 Civil Service Law §§51 and 52 evidence the Legislature’s intention to create two types of examinations, serving distinct functions. Thus, we reject petitioner’s argument that her appointment to Staff Analyst through an open examination rather than a promotional one is without consequence. Furthermore, even if as petitioner contends, she received more pay and more responsibilities as a Staff Analyst, she was not promoted within the meaning of the Civil Service Law
 
 (see,
 
 Civil Service Law § 52 [9] [increase in salary will be deemed a promotion only if the employee receives compensation beyond the limit fixed for the grade in which such office or position is classified]). Petitioner’s appointment must be evaluated in light of the whole statutory scheme governing promotions of civil service employees.
 

 In
 
 Matter of Engoren v County of Nassau
 
 (163 AD2d 520,
 
 supra),
 
 the Appellate Division denied a petitioner’s application for reinstatement to the former position of Caseworker I after her employment was terminated during a probationary period as Probation Officer Trainee. In denying petitioner’s application, the Court underscored three points: (1) petitioner was appointed Probation Officer Trainee after passing an open competitive examination rather than a promotional examination, (2) no evidence existed that the open competitive examination was conducted in lieu of or simultaneously with a promotional examination, and (3) no proof existed that petitioner’s prior service as a Caseworker I qualified her for a promotion as a Probation Officer Trainee. Thus, the Court concluded that there was no record proof to support petitioner’s assertion that she had been promoted when appointed Probation Officer Trainee.
 

 Although
 
 Engoren
 
 involved an interdepartmental transfer, the underlying rationale applies to this case as well. The Director of Classification and Compensation submitted an affidavit explaining that Contract Specialist II and Staff Analyst have separate lines of promotion within the agency and are considered separate occupational groups. By opening the examination to non-City employees, petitioner’s skills acquired from her former employment as Contract Specialist,
 
 *14
 
 while arguably helpful, were not necessary to fulfill her duties as a Staff Analyst. If respondents had wanted to fill the vacancy for Staff Analyst with an applicant possessing the skills of a Contract Specialist, presumably they would have offered the examination as a promotional one to Contract Specialist
 
 (Matter of Cornehl v Kern,
 
 260 App Div 35, 38-39,
 
 affd
 
 285 NY 777 [“appointments may not be made to vacancies in positions in the competitive class by promotion, except from among those holding positions in a lower grade in the department in which the vacancies exist, unless it appears that it is not practicable to fill such vacancies by promotion within the department”]). Petitioner provides no support for her conclusory assertion that the examination served a dual function — as a promotional examination for agency employees and as an open competitive examination for non-City employees.
 

 Petitioner’s reliance on City Personnel Rule (55 RCNY Appendix A) 6.2.7 is similarly misplaced. Rule 6.2.7 states that permanent employees who are appointed or promoted to another position, and who have served continuously, "shall be eligible” for reinstatement. The plain wording of rule 6.2.7 affords CDA discretion to reinstate an employee such as petitioner. Thus, absent an abuse of that discretion, this Court will not interfere with CDA’s decision to deny reinstatement
 
 (see, Matter of Arrocha v Board of Educ.,
 
 93 NY2d 361;
 
 Matter of Short v Nassau County Civ. Serv. Commn.,
 
 45 NY2d 721, 722). Inasmuch as the Civil Service Law and implementing rules and regulations do not mandate an agency to keep open a prior permanent position for a probationary employee who has been neither promoted nor transferred, we find no abuse of discretion in CDA’s determination to deny petitioner’s reinstatement to her former position of Contract Specialist.
 

 Finally, because petitioner accepted an original appointment to the position of Staff Analyst after passing the open competitive examination, she effectively resigned her permanent position as a Contract Specialist. Thus, Civil Service Law § 75 (1) (a) is inapplicable and petitioner was not entitled to a hearing prior to respondents’ cancellation of her leave of absence from her former position.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order reversed, etc.
 

 *
 

 CDA was an agency established under the auspices of the New York City Human Resources Administration. In October 1996, CDA merged with the former Department of Youth and Community Services to become the Department of Youth and Community Development.