■ In the Matter of RICHARD LIEBE, Appellant, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Respondents. [737 NYS2d 557] —In a proceeding pursuant to CPLR article 78 to review a determination of the Nassau County Civil Service Commission and the County of Nassau, dated May 7, 1999, denying the petitioner's request to have his name added to the list of eligible candidates for the position of Sanitary Engineer IV, the petitioner appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated August 24, 2000, which granted the respondents' motion for leave to reargue a judgment of the same court, dated March 20, 2000, granting the petition, and upon reargument, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The respondents' refusal to add the petitioner's name to the list of eligible candidates for the permanent position of Sanitary Engineer IV was not arbitrary and capricious. Civil Service Law § 52 (1) provides that vacancies shall be filled, as far as practicable, by promotion of persons holding lower grade positions in the direct line of promotion (see, Hewlett v Evans, 82 AD2d 920; Matter of Valdes v Krone, 28 AD2d 748, affd 21 NY2d 934). In this case, the petitioner did not hold a position in the direct line of promotion, the position he sought was permanent, not provisional, and there was no showing that it was impracticable or against public interest to limit eligibility to persons holding such direct line positions (see, Civil Service Law § 52 [1]; Matter of Engoren v County of Nassau, 163 AD2d 520; cf., Campbell v Bartlett, 49 AD2d 762). Accordingly, the Supreme Court properly granted the respondents' motion for leave to reargue and, upon reargument, denied the petition and dismissed the proceeding. Prudenti, P.J., Ritter, Feuerstein and Townes, JJ., concur.