■ In the Matter of GLORIA CADE, Respondent, v HEALTH AND HOSPITALS CORPORATION et al., Appellants. [789 NYS2d 37]—

Judgment (denominated an order), Supreme Court, New York County (Debra James, J.), entered April 4, 2003, which, to the extent appealed from as limited by petitioner's brief, vacated respondents' determination terminating petitioner's provisional employment and directed respondents to permit petitioner to return to her prior civil service position or the equivalent thereof, unanimously reversed, on the law, without costs, respondents' termination of petitioner's employment confirmed, the petition denied and the proceeding dismissed.

This appeal involves the issue of whether an employee in a provisional civil service title may invoke the provisions of Civil Service Law § 63.

Petitioner was hired by respondents in November 1989 as a provisional staff aide. In October 1995, she was appointed as a provisional technical support aide, which title was reclassified as clerical associate in September 1997, this still being a provisional position. On December 3, 2001, petitioner was promoted to the noncompetitive class title of assistant coordinating

manager, also a provisional position that required a one-year probationary period.

In June 2002, petitioner was charged with misconduct by intentionally or negligently allowing unauthorized persons access to a decedent's property, resulting in the wrong person obtaining that property. These administrative charges led to petitioner's arrest and the filing of criminal charges. All criminal charges were dismissed on October 16, 2002. Twelve days later a disciplinary conference was held on the administrative charges. Petitioner was present and represented by counsel. On November 1, 2002, petitioner was found guilty of violating respondents' employee handbook and her employment was terminated. Thereafter, petitioner commenced a CPLR article 78 proceeding.

By decision and order dated March 27, 2003, the IAS court upheld the findings of the disciplinary hearing but vacated the determination to the extent that it terminated petitioner's employment. The court held that since petitioner had been "promoted" to a probationary position, under Civil Service Law § 63 (1), she was entitled to have her former position held open pending the completion of her probationary term. Since petitioner was dismissed prior to the completion of her probationary term, the court held that she was entitled to be reinstated in her prior position.

Civil Service Law § 63 (1) provides: "When probationary service is required upon promotion, the position formerly held by the person promoted shall be held open for him and shall not be filled . . . pending completion of his probationary term." Department of Civil Service Classified Service Rules (4 NYCRR) § 4.5 (e), pertaining to leave for probationers, provides: "When a *permanent* employee is promoted or transferred to a position in which he is required to serve a probationary term, the position thus vacated by him shall not be filled . . . during such probationary term . . . If the conduct or performance of the probationer is not satisfactory, he shall be restored to his former *permanent* position at the end of this probationary term" (emphases added).

Each position held by petitioner prior to her appointment as an assistant coordinating manager was a provisional appointment. The plain words of the regulation require that in order to invoke the protections of Civil Service Law § 63, the prior position must be permanent, not provisional or temporary. The Court of Appeals has similarly interpreted the statute to apply only to permanent employees (*see Matter of Bethel v McGrath-McKechnie*, 95 NY2d 7 [2000]).

Since petitioner never held a permanent position, the IAS court improperly classified her as a permanent, rather than a provisional, employee. Therefore, petitioner is not entitled to reinstatement under Civil Service Law § 63. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Sweeny, JJ.