■ In the Matter of ANGEL MONTES et al., Respondents, v HARRISON CENTRAL SCHOOL DISTRICT et al., Appellants. [977 NYS2d 48]—

In a hybrid action to set aside a certain provision of a collective bargaining agreement, and proceeding pursuant to CPLR article 78, inter alia, in effect, to review a determination of the Harrison Central School District and the Board of Education of the Harrison Central School District dated September 7, 2011, terminating the petitioner from his employment as senior custodian, the Harrison Central School District and the Board of Education of the Harrison Central School District appeal, as limited by their notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Warhit, J.), entered April 17, 2012, as, in effect, granted those branches of the petition which were to review the determination dated September 7, 2011, and to restore the petitioner to his former position of custodial worker, with back pay and benefits.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In September 2006, the petitioner Angel Montes began working for the Harrison Central School District (hereinafter the District) as a "cleaner." In October 2009, he was appointed to the position of "custodial worker." In December 2010, he was appointed to the competitive civil service position of "senior custodian." The senior custodian position had a higher maximum rate of pay than "cleaner" or "custodial worker," and also carried greater responsibilities. Inasmuch as Montes did not fulfill the requirements for taking a promotional examination for the senior custodian position, he had taken an "open competitive" examination instead, and was appointed to the position from the "open competitive" list, rather than from the "promotional" list. Once appointed to the position of "senior custodian," Montes was required to complete a probationary pe-

riod of 12 months. Before Montes completed the 12-month probationary period, however, an internal investigation uncovered "reason to believe" that he had engaged in certain improper conduct. Montes's employment was terminated pursuant to a determination dated September 7, 2011.

Montes commenced this hybrid action and proceeding against the District and the Board of Education of the District (hereinafter together the appellants). He contended, among other things, that his termination was unlawful, and that he was entitled, under Civil Service Law § 63 (1), to return to his previous position of "custodial worker." The Supreme Court, among other things, granted that branch of the petition which was to restore Montes to that position, with back pay and benefits.

Civil Service Law § 63 (1) mandates that "[w]hen probationary service is required upon *promotion*, the position formerly held by the person promoted shall be held open for him [or her] and shall not be filled, except on a temporary basis, pending completion of his [or her] probationary term" (emphasis added). Rule 11.4 of the Westchester County Civil Service Rules is similar. The Supreme Court properly determined that Montes's appointment as "senior custodian" was a "promotion," despite its having been made from the "open competitive" list rather than from the "promotional list." The Civil Service Law does not expressly define "promotion," but Westchester County Civil Service Rules rule 10.1 provides that "[a]ny advancement of an employee from a position in one title to a position in another title having either greater responsibilities or for which a higher maximum rate of pay is prescribed, shall be deemed a promotion, and shall be made only in accordance with the provisions of the Civil Service Law and these rules. All vacancies in the competitive class shall be filled by promotion[s] as far as is practicable" (*see also* Westchester County Civil Service Rules rule 11.9). Montes's advancement from the position of "custodial worker" to "senior custodian" both involved greater responsibilities and carried a higher maximum rate of pay. Thus, the advancement constituted a "promotion" within the meaning of the Westchester County Civil Service Rules (*see* Westchester County Civil Service Rules rule 10.1; *see also* Westchester County Civil Service Rules rules 11.3, 11.9; cf. *Matter of Bethel v McGrathMcKechnie*, 95 NY2d 7, 12-13 [2000]). Accordingly, Montes was entitled to the benefit of Westchester County Civil Service Rules rule 11.4 and, absent removal under Civil Service Law § 75, he should have been reinstated to his prior permanent position of custodial worker (*see* Civil Service Law § 63 [1]; Westchester County Civil Service Rule 11.4). Therefore, the de-

termination dated September 7, 2011, "was made in violation of lawful procedure" (CPLR 7803 [3]), and the Supreme Court properly, in effect, granted those branches of the petition which were to review the determination and to restore Montes to his former position of custodial worker, with back pay and benefits.

The appellants' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.